## Wytheville.

PORTERFIELD v. COMMONWEALTH.

JUNE 20, 1895.

1. CRIMINAL PRACTICE—*Grand Jury—C harge—Indictment.*—Failure to charge the grand jury, as provided by section 3982 of the Code, does not vitiate an indictment found by them. The provision is directory only, as are also the provisions of sections 3984 and 3991 of the Code.

2. CRIMINAL PRACTICE—*Charge to Jury—Effect on Verdict.*—The charge to the jury should be given by the clerk under the direction of the court, but if it appears that they were fully informed of their duties, and no injury resulted to the accused, the verdict will not be set aside merely because a part of the charge was given by the clerk, part by the court, and part by the attorney for the Commonwealth.

3. CRIMINAL LAW.—*Circumstantial Evidence.*—In order to warrant a conviction of crime on circumstantial evidence, every essential fact or circumstance upon which conviction depends must be proved by competent evidence beyond a reasonable doubt.

4. CRIMINAL LAW—*Possession of Stolen Goods—Presumption.*—The exclusive possession of goods shortly after they have been stolen raises a presumption of fact that the possessor is the thief, unless, when called on for the purpose, he can account for such possession consistently with his innocence.

5. CRIMINAL PRACTICE—*Correction of Verdicts — Form—Substance.*—Trial courts should see that verdicts are put in proper form before juries are discharged, but if any change is made in the *substance* of the verdict, the jury should be sent back to their room, where they can, untrammelled by the presence and influence of others, find such verdict as they think proper.

Error to a judgment of the Corporation Court of the city of Radford, rendered December 17, 1894, whereby

the plaintiff in error was sentenced to be confined in the penitentiary for two years and six months.     .

*Reversed.*

The opinion states the case.

*A. R. Heflin*, *S. H. Hoge* and *Martin Williams*, for the plaintiff in error.

*Attorney-General R. Taylor Scott*, for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The first assignment of error in this case is, that the court failed to charge the grand jury after they were sworn in and before they were sent to their room, as is provided by section 3982 of the Code.

The record shows that the grand jury were sworn, and were sent to their room, and afterwards brought in the indictment upon which the plaintiff in error was tried and convicted. There is no pretense that the grand jury was not properly organized, or that the indictment is not good, but the contention is that the failure of the record to show that the grand jury were charged by the court as to their duties vitiates the whole proceeding. The failure of the court to charge the grand jury, as provided by the statute, did not cause any advantage to be lost, right destroyed, or benefit sacrificed, to which the accused was entitled. Where no prejudice can result from the failure of the officers of the law to comply strictly with the provision of the statute, such provision is usually held to be directory. Cooley's Cons. Lim., p. 88, etc. Section 3984 of the Code provides that the names of the witness upon whose evidence the grand jury make their indictment shall be written at the foot of the indictment or presentment. Section 3991 provides that in misdemeanors

the name of the prosecutor, if there be one, shall be written at the foot of the indictment, when made. In each of these cases it has been held that the provisions are merely directory, and not mandatory, and the ground upon which such decision is based is that the failure to comply with the provision does not prejudice the accused. *Dever* v. *Commonwealth*, 10 Leigh 685; *Williams* v. *Commonwealth*, 5 Gratt. 702; *Shelton* v. *Commonwealth*, 89 Va. 450. This assignment of error must be overruled.

Another assignment of error is that the charge given to the jury which tried the accused was improper, because partly given by the clerk, partly by the court and partly by the Commonwealth's attorney. The proceeding complained of was irregular and contrary to the usual practice. The court should see that its clerk, under its direction, informs the jury plainly what offenses are charged and embraced in the indictment, and the punishment that may be inflicted for each offense. While the charge complained of was contrary to the usual practice, the jury were fully informed as to their duties, and no prejudice resulted to the accused from such irregularity. This assignment of error must be overruled.

The refusal of the court to give instruction No. 1 asked for by the accused is assigned as error. The instruction asked for is as follows:

"The court instructs the jury that, unless they believe from the evidence that the portion of the knife blade found in the storeroom has been identified beyond all reasonable doubt as the same blade which was in the possession of the prisoner previous to the offense, they cannot consider it or treat it as a circumstance against the accused."

The accused was indicted for feloniously entering a bar-room with intent to commit grand larceny, and with the commission of that offense. The evidence introduced by the Commonwealth is wholly circumstantial. One of the circum-

stances relied on by the prosecution was that a portion of the knife blade was found in the bar-room the morning after the alleged offense was committed, which it was claimed was part of the blade of a knife shown to have been in the possession of the accused very recently before the commission of the offense charged. The evidence upon this point, it was claimed by the accused, did not prove its identity with that certainty required by law, and could not therefore be relied upon by the jury in order to convict.

It is elementary that the guilt of the accused must be shown beyond a reasonable doubt, whether the evidence relied upon be direct or circumstantial.

In order to warrant a conviction for crime on circumstantial evidence every essential fact or circumstance upon which conviction depends must be proved by competent evidence beyond a reasonable doubt. Chief Justice Shaw, in *Webster's Case*, laid down the rule on the subject as follows: "The several circumstances upon which the conclusion depends must be fully established by proof. They are facts from which the main fact is to be inferred, and they are to be proved by competent evidence, and by the same weight and force of evidence as if each were itself the main act." 5 Cush. 295; 52 Amer. Dec. 711. Starkie, in his work on Evidence, page 856 (9 Am. Ed.), says: "The party upon whom the burden of proof rests is bound to prove every single circumstance which is essential to the conclusion, in the same manner and to the same extent as if the whole issue had rested upon the proof of each individual and essential circumstance. 3 Rice on Ev., sec. 346. This rule must, from the very nature of the case, be correct. For how is it possible to reach a conclusion that the main fact is true beyond a reasonable doubt, when the material and essential facts from which it is to be inferred are not shown to be true with a like degree of certainty? The evidence introduced by the Commonwealth as to the knife

blade was clearly for the purpose of connecting the accused with the offense charged, and if it were true, it was a very material circumstance against him.    The object of the instruction asked for, and refused, was to inform the jury that they must be satisfied that the identity of the knife blade had been established beyond a reasonable doubt before they could rely upon that circumstance to convict the accused.    The instruction does not state that unless they believe that the circumstance in question was proved beyond a reasonable doubt they must acquit the accused.    It only cautions them that they must not consider it as evidence against the accused unless so proved.    If it was not so proved, the jury ought not to have relied upon it as a circumstance showing his guilt, and if they had no right to rely up on it because not sufficiently proved, there could be no  objection to the court's so instructing them.    It was the duty of the court to have given the instruction as offered, or to have given a general instruction that every material circumstance in the case must be proved beyond a reasonable doubt; and if any such circumstance was not proved, it was the duty of the jury to discard such circumstance in making up their verdict.    The court erred in refusing to give the instruction asked for, and for that error its judgment must be reversed.

The court gave two instructions to the jury on motion of the Commonwealth, to which the accused objected.    The first was as follows: ''The court instructs the jury that the exclusive possession of money recently stolen, unaccompanied by a reasonable account of how the possession was acquired, creates a presumption that the possessor is the thief; but such possession is not *prima facie* evidence of housebreaking.''

It is well settled in this State, that if property be stolen, and recently thereafter be found in the exclusive possession of the accused, such possession of itself affords sufficient ground for a presumption of fact that he was the thief, and in

order to repel such presumption it is incumbent on him, on being called upon for the purpose, to account for such possession consistently with his innocence. *Price's Case*, 21 Gratt. 846, and authorities cited. The instruction complained of, whilst not in the usual form, we think correctly states the law.

By the other instruction, to which the accused objected, the jury were informed that whilst the possession of stolen goods was not *prima facie* evidence of the housebreaking charged in the indictment, it was a circumstance which they might consider in connection with other facts in determining whether he was guilty of that offense. This instruction was not to the prejudice of the accused, and is fully sustained by the decisions of this court in the case of *Walker* v. *Commonwealth*, 28 Gratt. 969; and *Granby* v. *Commonwealth*, 86 Va. 393.

The jury brought in their verdict in the following words: "We, the jury, find the defendant, A. F. Porterfield, guilty of grand larceny, as charged in the indictment, and fix his punishment at confinement in the State penitentiary for the period of two years and six months." This verdict was amended by the Commonwealth's attorney so as to read as follows: "We, the jury, find the defendant, A. F. Porterfield, guilty as charged in the within indictment, and fix his punishment at confinement in the State penitentiary for the period of two years and six months," and, as amended and assented to by each member of the jury, was received by the court over the objection of the accused.

The practice of allowing the verdict of a jury to be put in form in open court is a proper, and in many cases, a necessary practice; but the amendment made in this verdict was not as to a matter of form, but of substance. By the verdict returned by the jury the accused was acquitted of feloniously entering the bar-room, and found guilty of grand larceny. By the amended verdict he is found guilty, as charged in the

indictment, which embraces both the offense of entering the bar-room and of grand larceny. The fact that the jury was polled, and each member assented to the amended verdict, would, perhaps, have cured the irregularity, but as the cause has to be reversed upon other grounds it is unnecessary to decide that question, and we are not to be understood as expressing any opinion upon it. The proper practice in such cases is for the trial court to see that the verdicts of the juries are put in proper form before they are discharged, but if any change in the substance of the verdict is to be made, the jury should be sent back to their room, where they can, untrammelled by the presence or influence of others, find such verdict as they deem proper.

Other errors are assigned, but they are not of sufficient importance to require special notice.

The judgment of the Corporation Court of the city of Radford must be reversed, the verdict set aside, and a new trial awarded, to be had in accordance with the views expressed in this opinion.

REVERSED.