# CRIMINAL CASES.

## Richmond.

### TYLER v. COMMONWEALTH.

January 11, 1917.

Absent, Prentis, J.*

1. BURGLARY—*Presumption from Possession of Stolen Goods.*—The possession of stolen goods is, of itself, not even *prima facie* evidence of housebreaking or of burglary.

2. BURGLARY—*Possession of Stolen Goods.*—Where goods have been obtained by means of a burglary or housebreaking, the fact of such possession is a most material circumstance to be considered by the jury, and where, in addition to such possession, other inculpatory circumstances are proved, such, for example, as the refusal of the accused to give any account, or his giving a false account, of how he came by the goods, such proof will warrant a conviction. In other words, there should be some evidence of guilty conduct, besides the bare possession of the stolen property, before the presumption of burglary or housebreaking is superadded to that of larceny, but extrinsic mechanical indications may constitute such additional evidence.

3. BURGLARY—*Possession of Stolen Goods—Exclusive Possession.*— The possession of stolen goods contemplated by the rule above referred to is an exclusive possession on the part of the accused; otherwise such rule is not applicable. A constructive possession, like constructive notice or knowledge, though sufficient to create a civil liability, is not sufficient to hold the prisoner to a criminal charge.

4 BURGLARY—*Possession of Stolen Goods—Burden of Proof—Exclusive Possession.*—The burden rests upon the Commonwealth to prove that the alleged possession of the stolen goods by the accused was an exclusive possession.

*Submitted before Judge Burks took his seat.

5. BURGLARY—*Evidence—Exclusive Possession of Stolen Goods.*—
The stolen property was found in the kitchen of a house in
which accused rented a room. The Commonwealth proved that
the accused had access thereto, but did not prove that he was
the only person that had such access. It was held that exclu-
sive possession by accused of the stolen property was not
shown.

6. BURGLARY—*Evidence—Posession of Stolen Goods.*—Upon being
asked permission by another to wear the stolen property, the
accused replied, "All right, I don't care if you do." It was
held that this reply of the accused was not sufficiently distinct
and unequivocal in meaning to prove, with that degree of cer-
tainty required in a criminal case, an assertion of property
by the accused in the stolen article. It was consistent with a
claim of ownership on the part of accused, but was also con-
sistent with a position of indifference.

Error to a judgment of the Corporation Court of the city
of Staunton.

*Reversed.*

The opinion states the case.

*L. Travis White,* for the plaintiff in error.

*John Garland Pollard, Attorney-General,* and *Leslie C.
Garnett, Assistant Attorney-General,* for the Common-
wealth.

SIMS, J., delivered the opinion of the court.

In this case the indictment charged the accused with
feloniously breaking and entering, in the night time,
a storehouse of one S. P. Mann, with the intent to commit
larceny, and that the accused did feloniously steal, take and
carry away one gold watch charm of the value of five dol-
lars, of the goods and chattels of the said S. P. Mann in the
said storehouse then and there being found, etc. There
were two trials. Upon the first trial the jury were unable

to agree.  Upon the second trial the verdict of the jury was as follows:  "We, the jury, find the prisoner guilty of housebreaking and fix his punishment at three years in the penitentiary."

The accused moved the court below to set aside the verdict as contrary to the law and the evidence and grant him a new trial.  This motion the court overruled and entered judgment passing sentence in accordance with said verdict. To this action and judgment of the court the accused excepted, and in his petition to this court for a writ of error and supersedeas assigns three grounds of error, which raise practically two questions only, both of them questions of fact.

a. Whether there is any evidence in the case of "other inculpatory circumstances," in addition to the possession of the stolen goods, to warrant the jury in finding the accused guilty of housebreaking?

b. Whether there is sufficient evidence in the case to sustain the burden which rests upon the Commonwealth to prove that the alleged possession of the stolen goods by the accused was an exclusive possession?

The law in Virginia is well settled that the possession of stolen goods is of itself not even *prima facie* evidence of housebreaking or of burglary.  *Gravely's Case,* 86 Va. 396; 10 S. E. 431; *Walker's Case,* 28 Gratt. (69 Va.) 969; *Porterfield's Case,* 91 Va. 801, 22 S. E. 352.

The rule in Virginia, however, is that, "*   *   *   when goods have been obtained by means of a burglary or housebreaking, the fact of such possession is a most material circumstance to be considered by the jury, and when, in addition to such possession, other inculpatory circumstances are proved, such for example as the refusal of the accused to give any account, or his giving a false account of how he came by the goods, such proof will warrant a conviction.

In other words, to use the language of the books, there should be some evidence of guilty conduct, besides the bare possession of the stolen property, before the presumption of burglary or housebreaking is super-added to that of larceny, but extrinsic mechanical indications may constitute such additional evidence." *Gravely's Case, supra.*

It is also well-settled law that the possession of stolen goods contemplated by the rule in Virginia, above referred to, is an *exclusive* possession on the part of the accused, otherwise such rule is not applicable.

"The exclusive possession of money recently stolen unaccompanied by a reasonable account of how the possession was acquired, creates a presumption that the possessor is the thief." *Porterfield's Case,* 91 Va. 801, 805, 22 S. E. 352, 354.

"But to raise the presumption of guilt from the possession of the fruits of (or) the instruments of crime by the prisoner it is necessary that they be found in his *exclusive possession.* A constructive possession, like constructive notice or knowledge, though sufficient to create a civil liability, is not sufficient to hold the prisoner to a criminal charge. He can only be required to account for the possession of things which he actually and knowingly possessed, as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others had equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone." 3 Greenleaf Ev., sec. 33.

As we understand it, this proposition of law is not controverted before us. At any rate we consider it a correct statement of the law.

It is in effect conceded on the part of the Commonwealth that the "other inculpatory circumstances," relied on by it

are of a character insufficient to sustain the conviction of the accused, unless the alleged possession of stolen goods by the accused was such as to bring the case within the rule in Virginia above referred to, laid down in *Gravely's Case,* and other cases above cited—that is to say, unless such possession on the part of the accused was *exclusive.*

Therefore:

In the view we take of this case, it will not be necessary for us to pass upon the first assignment of error, but only upon the second assignment of error and the single question of fact thereby raised; namely:

1. Is there sufficient evidence in the case to sustain the burden which rests upon the Commonwealth to prove that the alleged possession of the stolen goods by the accused was an exclusive possession?

The facts of the case bearing on this point are as follows: The most that can be said of the evidence is that it proved a constructive possession on the part of the accused of the stolen watch charm. It was not found upon his person, or in his private apartment, although that was searched twice, nor in a place of which he kept the key. His "private apartment" was a room in a house rented by one Katie Houston. The stolen watch charm was found in Katie Houston's kitchen on top of a safe. The Commonwealth, it is true, proved that the accused had access thereto; but it did not prove that he was the only person that had access thereto. Certainly, from the testimony introduced by the Commonwealth, Katie Houston "had right of access" and "equal facility of access" to her kitchen as did the accused. In this, a criminal case, the Commonwealth cannot sustain the position that in the absence of proof on the part of the accused that Katie Houston, or some one other than himself, did in fact occupy her kitchen, or enter it, he must be considered as the sole person having access to such room. The burden of proof on this point, one of the essential links in

the chain of evidence upon which it depended for conviction, was upon the Commonwealth and not upon the accused, and was clearly not sustained in this particular.

The only remaining evidence bearing on the question of exclusive possession is the following: One Will Adams, colored, being in the kitchen room above mentioned while the accused was cooking his breakfast one Sunday morning, on reaching up on the kitchen safe for a match, found the stolen watch charm. On finding the watch charm Adams said: "I'm going out into the country today, can I wear this?" Accused said: "All right, I don't care if you do." This reply of accused is relied on by the Commonwealth to prove an assertion of ownership by the accused of the watch charm, *i. e.*, to prove accused's possession of it.

As laid down by 2 Wharton's Cr. Ev. (10th ed.) 1509: "The possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant."

We cannot feel that the reply of the accused quoted is sufficiently distinct and unequivocal in meaning to prove, with that degree of certainty required in a criminal case, an assertion of property by the accused in the watch charm. It is consistent, it is true, with a claim of ownership on his part; but it is also consistent with a position of indifference to and lack of interest in the subject, and with the meaning that so far as he was concerned there was no objection to Adams wearing the charm.

The only case cited in brief for the Commonwealth on the latter point is that of *Clark* v. *Whittier*, 19 Conn. 319, 48 Am. Dec. 160, 163. That was a civil case and in that case there was actual personal possession taken of the property in question.

On the whole, therefore, it seems clear that the Commonwealth has not sustained the burden of proof resting upon

it in the instant case to show exclusive possession by the accused of the stolen property. On this ground we are of opinion to reverse the judgment complained of and to grant the accused a new trial, which will be accordingly done.

*Reversed.*