# Richmond.

## CHARLES SIMPSON v. COMMONWEALTH.

### January 18, 1923.

1. LARCENY—*Exclusive Possession—Evidence Held Sufficient to Support a Verdict—Case at Bar.*—In the instant case, a prosecution for larceny, the evidence tended materially to show, and the jury was warranted in believing, that the piece of cloth, the subject of the larceny, found in the trunk of a codefendant of accused, was the property of the prosecutors; that it had been stolen; that accused had abundant opportunity to take it; that he had it recently thereafter in his exclusive possession; that he delivered it, with a false account of how he happened to have it, to his codefendant for safe keeping, and that he not only failed to satisfactorily explain his possession thereof, but denied having delivered it to his codefendant.

   *Held:* That the evidence was sufficient to support a verdict of guilty.

2. LARCENY—*Accomplices and Accessories—Conviction on Uncorroborated Evidence of Accomplice—Accomplice's Testimony Received with Caution.*—Although a jury in a prosecution for larceny may lawfully convict defendant upon the uncorroborated testimony of an accomplice, yet it is the duty of the jury in such case to receive and act upon such uncorroborated testimony with great caution.

3. APPEAL AND ERROR—*Instructions—Presumption that Instructions were Proper.*—Where the record shows that the jury was instructed upon the law of the case, but the instructions were not excepted to, nor certified to the Supreme Court of Appeals, that court must presume that the case went to the jury upon proper instructions.

Error to a judgment of the Corporation Court of the city of Newport News.

*Affirmed.*

The opinion states the case.

*C. Vernon Spratley*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The indictment in this case charged Charles Simpson and Robert White with the larceny of sundry bolts of cloth alleged to be the property of M. Honick and N. Banks, partners, trading as Honick & Banks.    The dedendant Simpson was found guilty and sentenced to serve six months in jail and to pay a fine of one hundred dollars.

The only error assigned is that the verdict was contrary to the law and the evidence.

The testimony on behalf of the Commonwealth either showed conclusively, or tended materially to show, the following facts: Simpson and White were negroes.    Honick and Banks conducted a tailoring business in the negro section of Newport News, and most of their trade was with colored people.    The bolts of cloth from which this concern made suits were displayed in the front room of their establishment, which was cut off by a partition from the tailor shop in the rear.    The entrance to the front room was from the street, and this room was left unguarded and the goods exposed to theft at times when the managers were temporarily out.    Simpson and White and several other negroes were in the habit of congregating around the front of this place, and had ready access to it.    Simpson often went in the store to use the telephone which was located in the rear of the shop.    He had a lease on the second floor of the building, and sub let the rooms up there to various persons, one of whom was his codefendant, White.

Honick and Banks missed several bolts of goods described in the indictment, which had disappeared under circumstances making it clear that they had been taken from the shop when it was open, and not by any unlawful breaking and entering.    The police were notified, and they found, locked up in White's trunk in his room,

a bolt of cloth which was satisfactorily identified by Honick as one of the missing pieces. We do not overlook the urgent insistence of counsel for the defendant that Honick's identification of this piece of cloth was not sufficiently definite. His testimony as a whole, in our opinion, fully warranted the jury in believing that the goods found in White's trunk had been taken from Honick & Banks' store. White was arrested first, and later on made statements which implicated Simpson. At Simpson's trial White testified that Simpson brought the cloth to his room, asked to be allowed to put it in his trunk for safe keeping, telling him that it belonged to one of the other lodgers or roomers, and that he was holding it on account of rent. He further testified that the cloth was wrapped up, and that he had never seen the inside of the package; that Simpson took the key and placed the package in the trunk, and said it was a piece of cloth; that witness did not know where the package came from, and that it had been in his trunk about a week when found by the police.

[1] If White's testimony is true, the verdict is plainly right. His credibility appears to be shaken by evidence which was introduced by the defendant, but this was a matter for the jury to pass upon. They credited his story, and we must accept it as true. It shows that Simpson had recent exclusive possession of the cloth shortly after the larceny. To this must be added the further fact, not heretofore stated, that he not only failed to satisfactorily explain his possession thereof, but denied having delivered it to White.

The conviction of the defendant does not, as contended for by his counsel, depend upon the rules applicable to one charged with knowingly receiving stolen goods. The evidence tends materially to show, and the jury was warranted in believing, that the piece of cloth found in White's trunk belonged to Honick &

Banks; that it had been stolen; that Simpson had abundant opportunity to take it; that he had it recently thereafter in his exclusive possession, and that he delivered it, with a false account of how he happened to have it, to White for safe keeping. · It is clear, therefore, that there was evidence sufficient to support the verdict.  *Price* v. *Commonwealth,* 21 Gratt. (62 Va.) 846, 869; *Porterfield* v. *Commonwealth,* 91 Va. 801, 806, 22 S. E. 352; *Stallard* v. *Commonwealth,* 130 Va. 769, 107 S. E. 722.

The case is controlled by the above authorities, and not by those relating to the charge of knowingly receiving stolen goods.  Nor does the decision in *Tyler* v. *Commonwealth,* 120 Va. 868, 91 S. E. 171, relied upon by counsel for the defendant, have any controlling effect here.  The goods were shown to have been in Simpson's exclusive possession before they were found in White's trunk, and the fact that White had access to the room and the trunk is not material.  The jury believed the latter's explanation of his own possession, and that explanation, if true, showed that White was merely an innocent custodian.

[2, 3] It is insisted that the testimony of White was that of an accomplice.  We cannot tell whether the jury so regarded him or not.  If they did believe that he was in some way implicated in the larceny, they could still lawfully convict Simpson upon White's uncorroborated testimony, but it was their duty in that event to receive and act upon it with great caution. The record shows that the jury was instructed upon the law of the case, but the instructions were not excepted to, and are not even certified to this court.  We must, therefore, under settled rules presume that the case went to the jury upon proper instructions.

We find no error in the judgment complained of, and it is affirmed.

*Affirmed.*