COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


ANTHONY JAMES DOCKERY

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3050-96-1      JUDGE NELSON T. OVERTON
                                         JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Kenneth N. Whitehurst, Jr., Judge

          Melinda R. Glaubke, Senior Assistant Public
          Defender, for appellant.

          John K. Byrum, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Anthony James Dockery (defendant) appeals his conviction for

possession of marijuana by an inmate.  He makes three arguments

on appeal:  1) the chain of custody between the prison guard who

found the marijuana and the forensic laboratory was not proven,

2) evidence of possession of the marijuana was insufficient to

support the conviction and 3) the trial court allowed

impermissible hearsay evidence.  For the following reasons, we

reverse.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, we recite only those facts necessary to

disposition of the case.  We address each argument in turn.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"[W]here the substance analyzed has passed through several hands the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis." Rodgers v. Commonwealth, 197 Va. 527, 531, 90 S.E.2d 257, 259-60 (1955).  However, the court need not "exclude every conceivable possibility of substitution, alteration [or] tampering."  Robertson v. Commonwealth, 12 Va. App. 854, 857, 406 S.E.2d 417, 419 (1991).  In the case at hand, the "green plant material" that was later identified as marijuana was found in a pair of pants in defendant's personal property box when he was an inmate at the Virginia Beach Correctional Center.  Corporal Watts, the guard who found the material, put it in a plastic bag, heat-sealed it, and left it at "property and evidence" in the police department.  The record then indicates that it appeared at the Division of Forensic Science in Norfolk and was given to Dr. Susan Ragudo.  Dr. Ragudo testified that the evidence bag was received, unopened, on July 1, 1996 and she analyzed the material on July 7, 1996, yet the certificate of analysis stated that it was received on June 21, 1996.

On the facts before us, we cannot say as a matter of law that the chain of custody was insufficient.  See Dotson v. Petty, 4 Va. App. 357, 358 S.E.2d 403 (1987) (holding that when evidence is received by the lab sealed and intact, there is a presumption that it has not been tampered with).  Therefore, we affirm that portion of the trial court's ruling.  We note, however, that the

proof in this case travels the line of acceptability and that only slightly altered circumstances would have put it over. The prosecutor's goal should not be minimal compliance with the law, but wholehearted acceptance of its safeguards.

Defendant's second argument was that the evidence was insufficient to show that he possessed the drugs. The marijuana was found in a property box which contained items taken from defendant when he first entered the facility, items placed there on his behalf by persons visiting the facility, and items seized from him while incarcerated. The marijuana was not, at any time, actually seen or found on defendant's person. The Commonwealth argued that because the drugs were found in his box, he constructively possessed them. This argument takes the doctrine of constructive possession beyond the limits to which it was originally intended and we, therefore, reject it.

"To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citation omitted) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). However, "[i]f [the drugs] are found upon premises owned or occupied as well by others as himself, or in a place to which

3

others had equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone." Tyler v. Commonwealth, 120 Va. 868, 871, 91 S.E. 171, 172 (1917).

In the instant case, the drugs were found in a box to which many others had access. It was demonstrated at trial that a visitor to the facility could deposit items in the box without the knowledge or consent of the inmate. Furthermore, because the pants in which the drugs were found were not searched when they were returned by the defendant after his last court appearance, it was not proven that he actually possessed the drugs. The facts of this case are comparable to those in Burchette v. Commonwealth, 15 Va. App. 432, 435-36, 425 S.E.2d 81, 84 (1992), where marijuana was found in a parked car belonging to Mr. Burchette. However, because the Commonwealth could not prove that he had been in the car at the same time as the drugs, the court could not infer that he had either knowledge or dominion and control over the drugs. Id. at 439, 425 S.E.2d at 86. In defendant's case, it cannot be established that he was wearing the pants at the same time they contained marijuana, nor was it shown that he placed the marijuana in the pants. Indeed, the record does not even show with certainty when the pants were placed in the box. There are simply too many "reasonable hypothes[es] of innocence" that the Commonwealth failed to exclude. Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d

4

783, 784 (1983).

We hold that the evidence is insufficient as a matter of law to support the defendant's conviction.  Because the second issue is dispositive, we decline to address defendant's third argument.  Accordingly, we reverse and dismiss.

<u>Reversed.</u>