CASE 107—INDICTMENT—FEBRUARY 8.

# Commonwealth v. Lansdale.
# Commonwealth v. Ritter.

### APPEALS FROM CAMPBELL CIRCUIT COURT.

CRIMINAL LAW—AIDING AND ASSISTING IN SETTING UP GAMBLING MACHINE.—One who sells to another a machine ordinarily used for betting is guilty of the offense of aiding and assisting in setting up such a machine, created by section 1960 of the Kentucky Statutes, provided the machine is actually set up, but to constitute a good indictment for the offense that fact must be distinctly alleged.

WM. J. HENDRICK AND W. S. TAYLOR FOR APPELLANT.

The indictment is good although it does not state facts showing that the principal, J. F. Shickner, had been guilty of setting up, carrying on and operating the machine. The rule announced in Tully v. Commonwealth, 11 Bush, 158, applies only to an accessory and not to an aider and abettor.

M. R. LOCKHART ON SAME SIDE.

It being disclosed unmistakably by the indictment that appellee is the principal, he can be convicted as such although charged as an aider or abettor. (Mulligan v. Commonwealth, 84 Ky., 230; Benge v. Commonwealth, 92 Ky., 1.)

L. J. CRAWFORD FOR APPELLEE.

1. The indictment is defective in that it fails to allege that the prin-

Commonwealth v. Lansdale.

cipal had set up, etc., such a machine as that described. (Tully
v. Commonwealth, 11 Bush, 158; Mulligan v. Commonwealth, 84
Ky., 235.)

2. It is not an offense to *furnish* another a machine to be used for
gaming.

3. Setting up a gaming table is no violation of the statute unless a
game be played and something be bet. (Commonwealth v.
Burns, 4 J. J. Mar., 177; Vowells v. Commonwealth, 83 Ky., 193.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

These cases present the same question for decision. In
the Lansdale case the indictment charged "the offense of aid-
ing and assisting in setting up, carrying on, managing and
operating a machine ordinarily used for betting, whereby
money or other thing may be won or lost, committed as fol-
lows, viz.: The said Charles H. Lansdale, on the ——— day
of ———, 1894, before the finding of this indictment, in the
county aforesaid, did unlawfully aid and assist in setting up,
carrying on, keeping, managing and operating a machine
ordinarily used for betting, whereby money or other thing
might be won or lost, by furnishing said machine so used as
aforesaid to one J. F. Schickner, in the city of Newport, Ky.,
the said Charles H. Lansdale knowing, at the time of fur-
nishing said machine as aforesaid to the said J. F. Schickner,
that the said machine would be so used against the peace,"
etc.

The indictment in the Ritter case is in substantially the
same words, except that the offense is averred to have been
committed by *selling* the machine to one Joseph A. Miller,
etc.

Demurrers to these indictments were sustained by the cir-
cuit court upon the theory that the defendants were indicted
as accessories, and that the indictments did not state facts
sufficient to show that the principals had been guilty of set-
ting up, carrying on, keeping, managing or operating the

machine. (Tully v. Commonwealth, 11 Bush, 158; Mulligan v. Commonwealth, 84 Ky., 235.)

The statute under which the indictments were drawn (section 1960, Kentucky Statutes) creates a separate statutory offense from the offense of setting up, etc., a machine ordinarily used for betting, etc., namely, the offense of aiding and assisting in setting up such a machine, and the person who is guilty of aiding and assisting in setting up such a machine is guilty as a principal and not as accessory. It is, however, equally necessary that the indictment should state facts showing that the offense has been committed, and it is essential to the commission of the offense that the machine should be actually set up. This the indictments in question fail to show. There is no averment indicating, except argumentatively, that the machine was set up, and the indictments are fatally defective. (Bishop's New Criminal Procedure, section 81.)

It was also urged in support of the demurrers (but the question was not passed upon by the circuit court) that the selling or furnishing of such a machine, with knowledge that it would be set up and used in violation of the statute, is not an *aiding and assisting* within the meaning of the statute, and the cases of Commonwealth v. Burns, 4 J. J. Mar., 177, and Vowells v. Commonwealth, 83 Ky., 193, are relied on as sustaining this contention. Both of those cases were under statutes which did not create a separate offense of aiding and assisting, and were attempts to convict as principals in the second degree, by showing that the defendants acted with the principals in the first degree, their wills combining, in one another's presence, so that what one did in fact the other did in law. (Bishop's New Criminal Procedure, section 332, 6.)

In the Burns case it was held that a person does not "set

Commonwealth v. Lansdale.

up or keep a gaming table who has no interest whatever in it, nor any agency in it, or the game which shall be played upon it, other than a momentary or occasional assistance to the dealer." * * *

And in the Vowells case it was held essential to a legal conviction that the defendant "should be proved to have been more than a mere spectator, or, in other words, that he was in some way connected with the game as a joint owner or employe."

But the case at bar is readily distinguishable from those cases. In this case we have a statutory offense of aiding and assisting in setting up a gambling machine. It is properly averred that defendants furnished the machine with full knowledge of the use to which it was to be put, and if it had been alleged that the machine was actually so used, we are of opinion that the indictment would have stated the offense of aiding and assisting in setting up a machine ordinarily used for betting, within the meaning of the statute. It is difficult to conceive how aid and assistance in the commission of the offense could be more effectively rendered.

Judgments affirmed.