# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## CHARLES JOLLY v. COMMONWEALTH.

### June 14, 1923.

1. LARCENY—*Receiving Stolen Goods—Indictment—Allegation that Accused Knew the Goods to be Stolen.*—It was objected to an indictment for receiving stolen goods that it did not allege in direct terms that the goods were in fact stolen, but did so only by the implication arising from the charge that accused received them, "knowing the same to have been stolen."

   *Held:* That the indictment was sufficient. Accused could not know that the goods he received had been stolen unless there had been a larceny.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Necessity of Use of Word "Feloniously"—Felonies—Statutory Crimes.*—It has long been generally held that all common law felonies must be specifically alleged to have been "feloniously" committed, and this rule in Virginia, as in many other States, has been extended to indictments for all crimes which by the laws of the State are punishable by confinement in the penitentiary; the reason for such extension being that all such crimes are by a general statute declared to be felonies.

3. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Necessity of Use of Word "Feloniously"—Felonies—Statutory Crimes—Stare Decisis—Case at Bar.*—It was objected to an indictment for receiving stolen goods that the indictment failed to allege that the accused "feloniously" committed the act. The offense charged was statutory, and neither the word "felony" nor the word "feloniously" was used in its definition. Without saying how strictly the court would adhere to the rule that common law felonies must be specifically alleged to have been "feloniously" committed, the Supreme Court of Appeals thought that the time had come to abrogate the Virginia rule that statutory offenses punishable by confinement in the penitentiary must be alleged to have been feloniously committed, provided the acts charged in the indictment are sufficient to show that the felony has been committed, and that the accused is charged with its commission.

4. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Omission of the Word "Feloniously"—Harmless Error—Amendment.*—An indictment for re-

ceiving stolen goods omitted to allege that the accused "feloniously" committed the act.   The demurrer to the indictment did not specify the grounds upon which it was based.   If it had done so, and had pointed out this objection, the trial court could, and would, have directed an amendment of the indictment pursuant to the provisions of section 4877 of the Code of 1919.

*Held:*   That in view of the clear allegations of the indictment accused could not have been prejudiced by the omission of the word "feloniously."

5.   APPEAL AND ERROR—*Formal Defects.*—The judicial and legislative policy of this State is to have both civil and criminal cases "tried on their merits and as far as possible to ignore mere formal defects."

6.   BURGLARY—*Recent Possession of Stolen· Property—Instruction.*—In a prosecution for housebreaking an instruction "that while the possession alone of recently stolen property is not *prima facie* evidence of housebreaking, it is a circumstance that may be considered by the jury, along with any other evidence tending to establish the guilt of the accused," is not error.

7.   BURGLARY—*Recent Possession of Stolen Goods.*—Possession of the stolen goods along with other inculpatory circumstances will warrant a conviction of housebreaking.

8.   BURGLARY—*Recent Possession of Stolen Property—Evidence to Support an Instruction· as to the Effect of Recent Possession—Case at Bar.*—In the instant case the housebreaking and larceny of automobile tires ·by some one was conclusively established, and the evidence tended to show that the accused had the opportunity to commit burglary, and that he concealed the tires.   Accused in his testimony was more or less involved in contradictions and inconsistencies.

*Held:*   That the evidence was abundantly sufficient to warrant the giving of an instruction that the possession of the stolen goods was a circumstance to be considered by the jury along with other evidence tending to establish the guilt of the accused.

9.   CRIMINAL LAW—*Reasonable Doubt—Evidence Pointing Equally to Different Persons.*—Where another person had the same opportunity to commit the offense for which accused was charged, if upon the whole evidence there remains a reasonable doubt as to which of the two committed it, neither of the two can be convicted.

10.   CRIMINAL LAW—*Reasonable Doubt—Evidence Pointing Equally to Different Persons—Instructions.*—Where upon the evidence the jury might have believed that accused alone committed the offense charged, or that others committed it without accused's participation, while it would have been proper to have given an instruction to the effect that where, upon the whole evidence in the case, there remained a reasonable doubt as to whether accused or another committed the offense, neither of the two could be convicted, yet where there were

numerous instructions in the case which told the jury that they
could not convict accused unless they believed him guilty to the
exclusion of a reasonable doubt, the refusal to give the instruction
in question did not constitute reversible error.

11. ALIBI—*Burden of Proof—Instructions.*—In a prosecution for housebreak-
ing and receiving stolen goods the court did not err in instructing
the jury "that, although the burden rests upon the Commonwealth
to make out its case 'against the accused to the exclusion of any
reasonable doubt, yet, where the accused relies upon or attempts to
prove an alibi in his defense, the burden of proving the alibi rests
upon him," in view of other instructions in the case which told the
jury that they could not convict accused unless they believed him
guilty to the exclusion of a reasonable doubt.

12. LARCENY—*Recent Possession—Explaining Such Possession.*—An instruc-
tion that the possession of recently stolen property creates a presump-
tion of guilt of the larceny of the property, and places upon the ac-
cused the burden of explaining such possession, embodies a correct
principle of law, though it would have been better if the court had
given, in lieu thereof, an instruction "that the possession of recently
stolen goods usually creates a presumption of guilt of the larceny
of the property, and is a circumstance from which the jury may
presume guilt, unless it appears from the evidence that the possession
was consistent with the innocence of the accused."

13. LARCENY—*Possession of Stolen Goods—Explanation of Possession.*—In a
prosecution for larceny if the accused had possession of the stolen
property, it is necessary for him to explain such possession, unless
the circumstances were such that his silence could be regarded as
consistent with his innocence.

14. LARCENY—*Recent Possession—Instructions—Burden of Proof and Reason-
able Doubt.*—In a prosecution for larceny, housebreaking and receiv-
ing stolen property, an instruction that the possession of recently
stolen property creates a presumption of guilt of the larceny of the
property, and places upon the accused the burden of explaining such
possession, is not erroneous where any danger that the jury might
have believed that the explanation had to do more than raise a
reasonable doubt as to the guilt of accused was removed by other
instructions repeatedly emphasizing the proposition that a reason-
able doubt as to any fact essential to conviction entitled accused to
an acquittal.

15. LARCENY—*Possession—Exclusive Possession—Instructions.*—In a prose-
cution for larceny and housebreaking it was objected to an instruc-
tion as to the effect of the possession by the accused of the stolen
property that it did not say that the possession, to warrant an infer-
ence of guilt, had to be "exclusive."

*Held:* That under the evidence in the instant case this objection was
wholly without merit, and if there had been any force in it, the

objection was entirely overcome by another instruction, that it must be proved that the possession was "personal" and "exclusive."

16. LARCENY—*Receiving Stolen Goods—Venue—Instructions.*—In a prosecution for burglary and receiving stolen goods in the Corporation Court of Hopewell, it was clearly shown that the burglary was committed in Hopewell, and therefore error in refusing any instructions upon the question of venue was, as to that offense, harmless. But the evidence was conflicting as to whether the accused ever had the stolen property in his possession at any time in Hopewell, and failed to show that the other points in the county at which he did have them were within a mile of the corporate limits of Hopewell. *Held:* That the failure to instruct to the effect that the accused must be acquitted unless the crime was consummated in the city of Hopewell, or within one mile of its corporate limits, was reversible error.

Error to a judgment of the Corporation Court of the city of Hopewell.

*Reversed.*

The opinion states the case.

*A. L. Jones* and *Thos. H. Howerton,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Hopewell whereby the accused, Charles Jolly, was sentenced to the penitentiary for the term of four years.

There were four counts in the indictment, which, briefly stated, were as follows: (1) That the accused feloniously broke and entered, in the night time, the store of L. M. Davis, in the city of Hopewell, with the intent to feloniously steal and carry away certain auto-

mobile tires owned by said Davis and of greater value than fifty dollars; (2) that he broke and entered, in the day time, the storehouse aforesaid with the intent aforesaid; (3) that in the county of Prince George, and within one mile of the city of Hopewell, he aided Paul Jones and Archie Roberts in concealing tires, as described in the first two counts, knowing them to have been stolen; and (4) that in the county of Prince George, and within one mile of Hopewell, he bought and received from other persons, to the grand jurors unknown, tires as aforesaid, knowing them to have been stolen.

The verdict of the jury was general in form, and did not specify the count or counts upon which it was found.

[1] 1. A demurrer to the indictment and to each count thereof was overruled. The first ground upon which we are asked to reverse the judgment is that the court erred in not holding the third and fourth counts bad because, instead of alleging in direct terms that the tires were in fact stolen, they do so only by the implication arising from the charge that the accused helped to conceal, or bought and received them, "knowing the same to have been stolen." We shall not waste words on this point. No supporting authority exactly applicable is cited, although we concede that *State* v. *Cleveland, etc., R. R.*, 137 Ind. 75, 36 N. E. 713; *Commonwealth* v. *Bolkon*, 3 Pick. (Mass.) 281; *Payne* v. *State*, 38 Tex. Cr. R. 494, 43 S. W. 515, 70 Am. St. Rep. 757; and *Commonwealth* v. *Lansdale*, 98 Ky. 664, 34 S. W. 17, relied upon by counsel for the accused, tend strongly to support the position taken by them. If these authorities were directly in point, we could not approve and follow them. Of course, it must appear from the indictment that the goods were stolen, but a clear and unequivocal intendment to that effect is sufficient. The

accused could not *know*, as was expressly charged in the indictment, that he was concealing or buying and receiving *stolen tires*, unless there had been a larceny of them.   If it be thought necessary to have authority for so plain a proposition, the following will be found to be exactly in point: *State* v. *Druximan*, 34 Wash. 257, 258-9, 75 Pac. 814; *Sellers* v. *State*, 49 Ala. 357-8 (reversed on a rehearing, but not so as to affect the proposition for which it is here cited).

[2-5] It is contended further that the third and fourth counts were fatally defective because they failed to allege that the accused "feloniously" committed the act therein alleged.   It has long been generally held that all common law felonies must be specifically alleged to have been "feloniously" committed, and this rule in Virginia, as in many other States, has been extended to indictments for all crimes which by the laws of the State are punishable by confinement in the penitentiary, the reason for such extension being that all such crimes are by a general statute declared to be felonies.   *Randall* v. *Commonwealth*, 24 Gratt. (65 Va.) 644, 646; Beale's Cr. Pl. & Pr., sec. 91, pp. 91-2.   Other courts, including the Supreme Court of the United States, have held that the word "feloniously" is not necessary in an indictment for an offense created by statute unless that word, or the word "felony," is used in the statute as a part of the definition of the crime.   Beale's Cr. Pl. & Pr., *supra;* 1 Whart. Cr. Pr. (10th ed. by Kerr), sec. 309; *Bannon* v. *United States*, 156 U. S. 464, 466, 15 Sup. Ct. 467, 39 L. Ed. 494; *People* v. *Rogers*, 81 Cal. 209, 22 Pac. 592; *Lyons* v. *People*, 68 Ill. 271; *Wagner* v. *State*, 43 Neb. 1, 61 N. W. 85; *Jane* v. *Commonwealth*, 60 Ky. (3 Metc.) 18.   The offenses charged in the third and fourth counts of the indictment are statutory, and neither the word "felony" nor the word "feloniously" is used in the

definition. Without saying how strictly we would adhere to the Virginia rule in question as to common law offenses, we think the time has come to abrogate that rule as to statutory felonies, provided the acts charged in the indictment are sufficient to show that the felony has been committed, and that the accused is charged with its commission. It was not possible for the accused, in this case, to have been prejudiced by the omission of the word. The demurrer did not specify the grounds upon which it was based. If it had done so, and had pointed out this objection, the court could, and no doubt would, have directed an amendment of the indictment pursuant to the provisions of section 4877 of the Code. The judicial and legislative policy of this State is to have both civil and criminal cases "tried on their merits and as far as possible to ignore mere formal defects." See revisors' note to section 4877 of the Code, and Judge M. P. Burks' Address, 5 Va. Law Reg. (N. S.) 97, 104; *Collins* v. *City of Radford*, 134 Va. 518, 113 S. E. 735. In view of the perfectly clear allegations of the indictment—absolutely unequivocal and unmistakable in their meaning and effect—it would hardly be possible to conceive of a more formal or a more inconsequential defect, if defect it was at all, than the omission of the word "feloniously" from the third and fourth counts of the indictment in this case. There was no reversible error in overruling the demurrer. In so far as *Randall* v. *Commonwealth, supra,* and other like Virginia decisions are in conflict with this conclusion, they will not be hereafter followed.

[6-8] 2. The accused asked for and was denied the following instruction:

"The court instructs the jury that the possession of stolen goods is not even *prima facie* evidence of housebreaking or larceny."

In lieu of this the court substituted the following:

"The court instructs the jury that while the possession alone of recently stolen property is not *prima facie* evidence of housebreaking, it is a circumstance that may be considered by the jury, along with any other evidence tending to establish the guilt of the accused upon the first count in the indictment charging housebreaking."

The latter instruction, in the abstract, is clearly correct. *Tyler's Case*, 120 Va. 868, 91 S. E. 171. It is insisted, however, that the court erred in making this substitution because there was no evidence of any other circumstance tending to show that the accused was guilty of housebreaking. In this view we cannot concur. Possession of stolen goods along with other inculpatory circumstances will warrant a conviction of housebreaking. *Tyler's Case, supra.* The housebreaking and the larceny of the tires by some one was conclusively established, and the evidence tended to show that the accused had the opportunity to commit the burglary, and that he concealed the tires first in Hopewell Heights and later in the woods near his home. He undertook to establish an alibi, but whether he did so to such an extent as to raise a reasonable doubt as to his guilt was, under the evidence, a question for the jury. And, furthermore, there was evidence for the Commonwealth that in the jail after his arrest he stated that he had obtained these tires in Hopewell at a place where he had formerly stored a car, and this place was shown to have been on the property owned by Davis and at or near the garage from which the tires were stolen. And it is also true that he was more or less involved in contradictions and inconsistencies in his own testimony. The evidence as a whole was abundantly sufficient to warrant the giving of the instruction.

[9, 10] 3. The court refused to give an instruction asked for by the accused as follows:

"The court instructs the jury that where the evidence leaves it uncertain which of two committed an offense, neither can be convicted."

This instruction was doubtless intended to embody a correct principle. The evidence was such as that the jury might have believed that Jolly alone committed the offense or that Jones and Roberts committed it without Jolly's participation. If they could not from the evidence, and beyond a reasonable doubt, place the guilt on either the former or the latter, then upon the settled rule that the Commonwealth must establish its case beyond a reasonable doubt, the accused could not be convicted. A preferable form for the instruction would have been that which was approved by this court in *Burton's Case*, 122 Va. 847, 852, 94 S. E. 923, 924, as follows: "The jury are instructed that when two persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of the two committed it, neither of the two can be convicted." It would have been well enough for the court to have given an instruction substantially like the one just quoted, but there were seven others in the instant case which told the jury, in substance, that they could not convict the accused unless they believed him guilty from the evidence to the exclusion of a reasonable doubt. Under these circumstances we would not regard the refusal to give the instruction in question, even though exactly correct in form, as reversible error.

[11] 4. It is said that the court erred in giving the following instruction:

"The court instructs the jury that although the burden rests upon the Commonwealth to make out its

case against the accused to the exclusion of any reasonable doubt, yet, where the accused relies upon or attempts to prove an alibi in his defense, the burden of proving the alibi rests upon him."

The objection to this instruction, in view of others given along with it, is conclusively settled adversely to the accused by the decision of this court in *Draper's Case*, 132 Va. 648, 660-665, 111 S. E. 471.

[12] 5. Exception was taken and error is assigned because the court instructed the jury as follows:

"The court instructs the jury that the possession of recently stolen property creates a presumption of guilt of the larceny of the property, and places upon the accused the burden of explaining such possession."

[13,14] It would have been better. if the court had given, in lieu of the above, an instruction substantially as follows: "The court instructs the jury that the possession of recently stolen goods usually creates a presumption of guilt of the larceny of the property, and is a circumstance from which the jury may presume guilt, unless it appears from the evidence that the possession was consistent with the innocence of the accused." See *Stewart and Myers* v. *Commonwealth*, 132 Va. 746, 111 S. E. 463. The instruction, as actually given, however, embodied a correct principle. *Porterfield's Case*, 91 Va. 801, 805, 22 S. E. 352. If the accused had possession of the stolen property, it was necessary for him to explain such possession, unless the circumstances were such as that his silence could be regarded as consistent with his innocence. *Stewart and Myers' Case, supra.* Under the evidence in this case his alleged possession of the tires was such as to call for an explanation from him, any danger that the jury might have believed that the explanation had to do more than raise a reasonable doubt as to his guilt was

removed by the other instructions repeatedly emphasizing the proposition that a reasonable doubt as to any fact essential to his conviction entitled him to an acquittal. Particularly was this true by reason of instruction No. 6 as follows:

"The court instructs the jury that the law presumes every person charged with crime to be innocent until his guilt is established by the Commonwealth, beyond all reasonable doubt, and this presumption of innocence goes with the accused through the entire case, and applies at every stage thereof; and if, after having heard all of the evidence in the case, the jury have a reasonable doubt of the guilt of the accused upon the whole case, or as to any fact essential to prove the charge made against him in the indictment, it is their duty to give the prisoner the benefit of the doubt, and find him not guilty."

[15] Further objection was made to the instruction here under review because it did not say that the possession, to warrant an inference of guilt, had to be "exclusive." Under the evidence in this case this objection is wholly without merit, but if there were any force in it, the objection is entirely overcome by instruction No. 11, which was given as follows:

"The court instructs. the jury that before the possession of stolen property creates even a presumption that the person is a thief, the Commonwealth must prove by the evidence, beyond all reasonable doubt, that the possession was personal; that it was exclusive; that it was recent; that it was unexplained, and that it involved a distinct and conscious assertion of property by the defendant."

6. There was an unimportant objection to instruction No. 5 for the Commonwealth, which merits no discussion, and the only other assignment relating to the instructions involves the question of venue.

The accused asked for and was denied instructions B, C, and D, as follows:

"B. The court instructs the jury that the venue or place where the alleged crime is charged as having occurred is a material allegation, and unless the Commonwealth has proven, beyond all reasonable doubt, that the alleged crime was consummated in the city of Hopewell, or within one mile of the corporate limits of the city, you must find the defendant not guilty.

"C. The court instructs the jury that you cannot convict the accused for receiving stolen goods, nor for larceny, even though you may believe that he has been proven guilty, beyond all reasonable doubt, unless you further believe that he has committed that crime within the city of Hopewell, or within one mile of the corporate limits.

"D. The court instructs the jury that you cannot consider any of the acts of the defendant alleged to have taken place around Disputanta, and to fix upon him the commission of a crime there, in the county of Prince George."

[16] The language of instruction D is not very clear, but all three of these instructions were asked for upon the theory of the accused that if the Commonwealth relied upon counts 3 and 4 of the indictment, it must prove that the offense therein charged was committed within the city of Hopewell, or within one mile of the corporate limits thereof. This is the law, and these instructions, or at least one stating in substance the proposition contained therein, ought to have been given.

It was clearly shown that the burglary was committed in Hopewell, and therefore the error in refusing any instructions upon the question of venue was, as to that offense, harmless. But the evidence was conflicting as to whether the accused ever had the stolen

tires in his possession at any time in Hopewell, and the evidence failed to show that the other two points in the county at which, according to the evidence of the Commonwealth, he did have them, were within a mile of the corporate limits. If the jury entertained a reasonable doubt as to whether he committed the burglary and as to whether he ever had the tires in his possession in Hopewell, but believed that he either aided in concealing or purchased and received the tires knowing them to have been stolen, the evidence in the record before us did not warrant the verdict because it did not either inferentially or directly fix the venue within the jurisdiction of the court. In this view of the case, it was clearly error to refuse to instruct the jury substantially as requested by the accused, and the judgment must, therefore, be reversed.

There was another assignment of error based upon the refusal to set aside the verdict because contrary to the evidence, but it is not necessary for us to pass upon this question since in any event the case must go back for a new trial.

*Reversed and remanded.*