# Richmond

HARRY YOUNG v. COMMONWEALTH.

January 15, 1931.

Present, Campbell, Holt, Epes, Hudgins and Browning, JJ.

*A. W. E. Bassette, Jr.*, and *F. A. Kearney*, for the plaintiff in error.

*John R. Saunders, Attorney-General*, and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

The material parts of the indictment against the accused are as follows: "That Harry Young * * * did unlawfully and feloniously run and drive an automobile while under the influence of intoxicants * * * that * * * Harry Young has once before been convicted and sentenced for a like offense in the State of Virginia, to-wit, for the offense of unlawfully driving an automobile while under the influence of intoxicants * * * and before the commission of the offense hereinbefore charged * * * before the Circuit Court for the county of Elizabeth City."

A demurrer and motion to quash the indictment were filed on the ground that the offense charged was not a felony. The demurrer was overruled, motion to quash denied, the accused plead not guilty, waived a jury and, with the consent of the attorney for the Commonwealth, all questions of law and fact were submitted to the court. The accused was found guilty and his punishment fixed at six months' confinement in the county jail, a fine of $200.00, and he was required to give bond in the sum of $500.00, conditioned that he should not again within a period of one year violate the prohibition law.

The only error assigned, and the only point raised, is in the use of the word "feloniously" in the indictment.

██ It is contended by the accused that under the provisions of section 25 of the prohibition act (Acts 1924, chapter 407, section 25, as amended by Acts 1928, chapter 413), a second, or subsequent, offense for driving an automobile while under the influence of intoxicants is not a felony, but a misdemeanor. The correctness of this contention is not seriously questioned by the Attorney-General. Section 6 of the prohibition law (Acts 1924, chapter 407, section 6, as amended by Acts 1926, chapter 231), which prescribes the punishment for most of the violations of the act, states in express terms that the punishment shall be as therein prescribed, "except as otherwise provided." Under the provisions of section 25 the maximum penalty which may be imposed for a second offense is a fine of $1,000.00 and two years' confinement in prison. The place of confinement, whether in jail or in the penitentiary, is not stated in the statute.

██ Section 4758, Code, defines felonies to be "such offenses as are punishable with death or confinement in the penitentiary, all other offenses are misdemeanors." There is nothing in the statute which prohibits imprisonment in jail for a longer period than one year. Where a

crime may be construed either a misdemeanor or a felony, the court will construe it a misdemeanor, thus applying the well-recognized principle that a penal statute must be construed strictly in favor of the accused.

■ The accused contends that the conviction on the indictment which contains the word "feloniously" deprives him of his elective franchise rights under the provisions of section 23 of the Constitution.

In the case of *Jolly* v. *Commonwealth*, 136 Va. 756, 118 S. E. 109, 112, the accused, in the third and fourth counts of the indictment, was charged with receiving stolen goods, but the indictment omitted the word "feloniously." It was held that the indictment was for a statutory felony and was sufficient. The court said: "It would be hardly possible to conceive of a more formal or more inconsequential defect, if defect it was at all, than the omission of the word 'feloniously' * * *."

The same objection was raised in the case of *Staples* v. *Commonwealth*, 140 Va. 583, 125 S. E. 319, and the court there adhered to the ruling in the case of *Jolly* v. *Commonwealth*. In both cases the convictions were on a charge of a statutory felony, though in neither case did the indictment contain the word "felony" or "feloniously." The result of each conviction was to deprive the defendant of the right to vote.

■ These decisions declare the law in this State to be that the omission of the word "feloniously" in an indictment charging a statutory felony is not error if the acts constituting the crime are sufficiently set forth. It would logically seem to follow that the converse of the proposition is equally true, *i. e.*, that the inclusion of the word "feloniously" in an indictment charging a statutory misdemeanor does not make the charge a felony. Section 4875 provides that "no indictment * * * shall be quashed or deemed invalid

* * * for the omission or the insertion of any * * * words of mere form or surplusage."

As was stated in the case of *Jolly* v. *Commonwealth, supra,* "the judicial and legislative policy of this State is to have both civil and criminal cases tried on their merits, and, as far as possible, to ignore mere formal defects." *Morris* v. *Commonwealth,* 145 Va. 880, 134 S. E. 567.

In the instant case, an examination of the order shows that the accused was found guilty and his punishment fixed at a fine and confinement in jail. From the order, alone, it is impossible to tell on what charge the accused was tried. An examination of the indictment itself is necessary to ascertain whether the accused was charged with a felony or with a misdemeanor. Such an examination would reveal that he was tried for a second offense of driving an automobile while under the influence of intoxicants, which charge is not a felony, although the word "feloniously" is found in the indictment.

When the attention of the trial court was called to the fact that the indictment contained the word "feloniously," it should have amended the indictment by striking out the objectionable word, and then proceeded with the trial.

In order that there may be no doubt of the preservation of the elective franchise privileges of the accused, the order affirming the action of the lower court will show on its face that the conviction was on a misdemeanor charge.

*Affirmed.*