# Richmond

W. Frank Smyth, Jr., Superintendent of the Virginia State
Penitentiary v. Harvey H. Gay, Sr.

March 5, 1956.

Record No. 4477.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the plaintiff in error.

*W. A. Hall, Jr.,* for the defendant in error.

Spratley, J., delivered the opinion of the court.

This case comes before us on a writ of error and supersedeas to an order of the Hustings Court of the City of Richmond, Part II, in a *habeas corpus* proceeding ordering the release of Harvey H. Gay, Sr., from the custody of W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary.

The record shows that on September 17, 1953, in the Hustings Court of the City of Petersburg, Virginia, an indictment was returned under the maiming act, Virginia Code, 1950, § 18-70, which charged that Harvey H. Gay, Sr., "in and upon one Willie W. Gay, then and there being, an assault did make and her, the said Willie W. Gay, then and there unlawfully, maliciously and feloniously did cut, stab and wound, with intent her, the said Willie W. Gay, to maim, disfigure, disable, or kill," etc.

On the back of the indictment the following endorsements were made:

"Commonwealth of Virginia
         v.
   Harvey H. Gay, Sr.
       Indictment for Felony (Fel. Assault)
                                        W. P. STERNE
                                        Own Atty.

       A true Bill

                                        VINCENT R. BEACHY
                                        Foreman.
       1953 Oct. 2—W. J. W. P. S. Atty.
         Pl. Not Guilty—testified
         By Ct. Guilty as charged  Sentence 7 yrs. State
         Penitentiary."

On October 2, 1953, Harvey H. Gay, Sr., was arraigned and tried on the indictment as appears from the following order of the Hustings Court of the City of Petersburg:

"Harvey H. Gay, Sr., who stands indicted of a felony for felonious assault was led to the bar in the custody of the jailor of the court, was arraigned, and after consultation with his counsel pleaded 'not guilty' to the indictment; and after being advised by his counsel he waived a jury; and with his consent and the concurrence of the Attorney for the Commonwealth and of the court, hereby entered of record, the court proceeded to hear and determine the case, without the intervention of a jury, and doth find the accused guilty of felonious assault as charged in the indictment and doth ascertain the term of his confinement in the Penitentiary to be seven (7) years.

"And it being demanded of the said Harvey H. Gay, Sr., if anything for himself he had or knew to say why the court should not now proceed to pronounce judgment against him according to law, and nothing being offered or alleged in delay of judgment, it is

considered by the court that the said Harvey H. Gay, Sr., be confined in the Penitentiary of this Commonwealth for the term of seven (7) years, the period by the court ascertained as aforesaid.

"And it is ordered that as soon as possible after the entry of this order, the said Harvey H. Gay, Sr., be removed and safely conveyed, according to law, from the jail of this court to the said Penitentiary therein to be kept, confined and treated in the manner directed by law.

"The court certifies that the said Harvey H. Gay, Sr., was committed to the jail of this court on September 8th, 1953, to answer for the said felony.

"The court further certifies that the said Harvey H. Gay, Sr., had the advice of and was represented by able counsel, W. P. Sterne, Attorney at law, and that at all times during the trial of this case the accused was present.

"The court further certifies that the following witnesses testified in this case: Willie W. Gay, Mrs. Margaret Busby, Anthony Ruffa, Det. G. G. Gecsey, Dr. Lynn, Mrs. Berry, and the said Harvey H. Gay, Sr., testified in his own behalf.

"And the said Harvey H. Gay, Sr., is remanded to jail."

On November 11, 1954, Gay, hereinafter referred to as petitioner, filed in the Hustings Court of the City of Richmond, Part II, his petition for a writ of *habeas corpus*, praying for his release from the custody of W. Frank Smyth, Jr., Superintendent of the Virginia State Penitentiary, on the ground that his conviction was for a misdemeanor, and alleging that his sentence of seven years in the penitentiary was void as being in excess of the punishment which could have been imposed upon him for a misdemeanor. A writ of *habeas corpus* was issued. In answer to the petition and writ, the Superintendent of the Virginia State Penitentiary averred that the proceeding, under which petitioner was held was in all respects lawful and valid, and denied that *habeas corpus* was available for any reason set forth in the petition therefor.

Thereafter on January 7, 1955, the Hustings Court of the City of Richmond, Part II, adjudged that the petitioner had been convicted only of an assault, a misdemeanor, and ordered that he be released from the custody under which he was held by virtue of the judgment of the Hustings Court of the City of Petersburg, it appearing of record that he had served more than the maximum sentence per-

missible for a misdemeanor. To review this order the present writ of error has been allowed the respondent.

The sole question for our determination is whether petitioner was found guilty of a felony or a misdemeanor by the judgment of the Hustings Court of the City of Petersburg.

Code, § 18-1 provides: "Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors."

Code, § 18-70 does not require either that the verdict of a jury or the finding of a court specify the degree of the crime charged. Even where a jury is required to specify the degree of guilt in their verdict, a verdict which does not expressly find the degree may nevertheless be valid if the assessment of punishment clearly indicates such degree. *Hobson* v. *Youell*, 177 Va. 906, 915, 15 S. E. (2d) 76; 23 C. J. S., Criminal Law, § 1406 b, page 1098, *et seq;* 25 Am. Jur., Habeas Corpus, § 54, page 184.

The indictment specifically charges a felony in the language of Code, § 18-70. Under it, petitioner could have been found guilty of (1) a malicious wounding with intent to maim, disfigure, disable, or kill; (2) of unlawful wounding with the same intent; or (3) of simple assault and battery.

In *Lee* v. *Commonwealth*, 135 Va. 572, 115 S. E. 671, a proceeding under the maiming act, the jury returned a verdict as follows:

"We, the jury, find the accused, R. W. Lee, guilty as charged in the indictment and fix his punishment at two years in the State penitentiary."

It was contended there, as here, that the trial court ought to have set the verdict aside, because the punishment fixed therein could have been lawfully imposed for either unlawful or malicious maiming, and, therefore, failed to inform the accused of the offense for which he was convicted. There we said that since the statute did not require the jury to specify the degree or grade of the crime, and the verdict being general, the presumption is that they found the accused guilty of the highest degree charged in the indictment and to which the punishment prescribed was applicable. (135 Va. page 576) There the conviction of the accused was reversed upon other grounds.

In *Walters* v. *Commonwealth*, 159 Va. 903, 165 S. E. 495, the defendant was indicted for breaking and entering a smokehouse and

stealing therefrom meat of the value of $100. The indictment contained only one count charging housebreaking and larceny. The verdict of the jury was a general one finding the accused guilty, and fixing his punishment at fifteen months in the penitentiary. It did not specify whether he was guilty of housebreaking or larceny. In holding that he was found guilty of housebreaking, we said: "it is well settled in Virginia that when an indictment contains but one count, charging housebreaking and larceny, and the verdict is a general one of guilty, the verdict will be considered as one for the major offense of housebreaking." (159 Va. at page 905).

In *Hanson* v. *Smyth*, 183 Va. 384, 392, 32 S. E. (2d) 142, this is said:

"Then, too, it is well settled that the failure of an order to state the particular offense of which an accused was convicted does not render it subject to collateral attack in a *habeas corpus* proceeding. 25 Am. Jur., Habeas Corpus, sec. 55, p. 186; 39 C. J. S., Habeas Corpus, sec. 26, p. 483."

In *Hoback* v. *Commonwealth*, 28 Gratt. (69 Va.) 922, we held that a verdict of a jury should be read in connection with the indictment.

In *Jones* v. *Commonwealth*, 31 Gratt. (72 Va.) 830, 833, a proceeding under the maiming statute, we held that the language " 'as charged in the within indictment' has reference both to the cutting and the intent, and that it is a sufficient finding of the intent with which the unlawful cutting was done to meet the requirements of the statute."

In *Price* v. *Commonwealth*, 77 Va. 393, another proceeding under the maiming act, we again held that "The verdict in a criminal case must always be read in connection with the indictment."

Cf. *Johnson* v. *Commonwealth*, 135 Va. 524, 115 S. E. 673, 30 A. L. R. 755; *McDorman* v. *Smyth*, 187 Va. 522, 528, 47 S. E. (2d) 441; and also *Licata* v. *State*, 81 Fla. 649, 88 So. 621.

In the instant case, the judgment order recites that the petitioner "stands indicted of a felony for felonious assault," that the court found the accused "guilty of felonious assault as charged in the indictment," and then ascertained and fixed his punishment at confinement in the penitentiary at seven years, a punishment within the requirements of the statute for the major offense charged. It is to be noted that the order further certifies that petitioner had been theretofore committed to the jail "to answer for the said felony."

Each word, phrase and clause employing the words "felony" and

"felonious assault" specifically shows that the court found petitioner guilty of a felony and pronounced upon him a felony sentence responsive only to the charge of malicious wounding. If the finding of the court in this case as to his guilt be read in connection with the indictment, it is difficult to see how there can be the slightest doubt as to the crime for which he was convicted, that is, of a malicious assault with the intent to maim, disfigure, disable or kill, a felony. The words used are incompatible with any other conclusion.

The judgment of the Hustings Court of the City of Petersburg seems to us to be so clear and certain as to leave nothing doubtful or unsettled as to the degree of the offense of which petitioner was convicted. No objection was made at the time of the rendition of the judgment, nor at any time prior to the filing of the petition for a writ of habeas corpus, either to the finding of the court or to the sentence carrying it into effect. The punishment was within the range provided for malicious assault with intent to maim, etc. It could not have been meted out for an unlawful assault with such intent or for a misdemeanor. It was responsive only to the charge of malicious wounding with the intent prescribed. Petitioner must have so understood, and yet he, with able and experienced counsel, remained silent.

We do not think that anything that was said in the cases of *Williams* v. *Commonwealth*, 153 Va. 987, 151 S. E. 151, and *Jones* v. *Commonwealth*, 184 Va. 679, 36 S. E. (2d) 571, is in conflict with our conclusion here. Neither of the cited cases is in point here. Moreover, they were appeals from judgments as distinguished from *habeas corpus* proceedings.

In the *Williams* case, *supra,* the jury found the accused guilty of "unjestiful assault" and fixed his punishment at two years in the penitentiary. On appeal the trial judge certified that inspecting the verdict at night in a poorly lighted courtroom, he took the word "unjestiful" to be the word "unlawful," and that without reading the verdict aloud, he amended it by changing the word "unjestiful" to "unlawful," and inserted the words "as charged in the indictment" after the word "assault." The amended verdict was read to the jury and they, without being formally polled, indicated their assent. It was directed to be recorded without further inspection. Thereupon counsel for the accused moved to set it aside upon the ground that it was void, which motion was denied. Upon appeal it was held that, under the peculiar circumstances, the verdict as entered was defective, because there was an uncertainty as to the exact crime

of which the jury intended to find the accused guilty. No such circumstances exist in the case now before us.

In the *Jones* case, *supra*, the jury found the accused was guilty of "malicious assault," with no reference to the indictment, or to the intent with which the offense was committed. There we held that "malicious assault," merely, was not a crime designated by § 18-70, under which the accused was tried.

As Mr. Justice Hudgins, now Chief Justice, said in *Young* v. *Commonwealth*, 155 Va. 1152, 1156, 156 S. E. 565, quoting from *Jolly* v. *Commonwealth*, 136 Va. 756, 118 S. E., 109, " 'the judicial and legislative policy of this State is to have both civil and criminal cases tried on their merits, and, as far as possible, to ignore mere formal defects.' "

Petitioner had a fair trial on the merits in the Hustings Court of Petersburg. He was present during the whole proceedings, testified and was, according to the trial judge, represented by able counsel. There is no merit in the contention he now makes.

For the foregoing reasons we are of opinion that the judgment of the Hustings Court of the City of Richmond, Part II, complained of should be reversed and the petition for a writ of *habeas corpus* dismissed. It is so ordered.

*Reversed and final judgment.*