COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


CHARLES WILSON DAVIS
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2626-95-2       JUDGE LARRY G. ELDER
                                         APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      David F. Berry, Judge

        Norman Lamson for appellant.

        Kimberley A. Whittle, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Charles Wilson Davis (appellant) appeals his conviction of

felony embezzlement in violation of Code § 18.2-111.  He contends

that the trial court erred when it granted the Commonwealth's

motion to amend the indictment.  He argues that the amendment

(1) improperly changed the nature and character of the offense

charged in the indictment, (2) violated his statutory right to a

felony indictment under Code § 19.2-217, and (3) violated his

right to a grand jury indictment under the "Law of the Land

Clause" in Va. Const. art. I, § 8.  For the reasons that follow,

we affirm.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

FACTS

On March 7, 1995, appellant was arrested pursuant to a warrant charging him with the unauthorized use of a Cadillac in violation of Code § 18.2-102.  On June 5, 1995, the grand jury returned a true bill that charged appellant with embezzlement of the automobile instead of its unauthorized use.  The indictment stated:

**THE GRAND JURY CHARGES THAT:**

On or about August 30, 1993, in the County of Albemarle, **CHARLES WILSON DAVIS** did wrongfully, feloniously and fraudulently embezzle an automobile which had been entrusted to him by William W. Wild.

**VIRGINIA CODE SECTION:**  18.2-111

On the day of appellant's trial but prior to his arraignment, appellant's counsel told the trial court that he understood the indictment against appellant as a charge of misdemeanor, and not felony, embezzlement.  In support of his contention, appellant's counsel pointed out that the indictment did not allege that the value of the automobile embezzled by appellant exceeded $200.  The Commonwealth disagreed and argued that the word "feloniously" in the indictment indicated that the charge was felony embezzlement.  For the sake of clarification, the Commonwealth moved to amend the indictment pursuant to Code § 19.2-231 by adding the phrase "such automobile having a value of $200.00 or more."  The trial court granted the Commonwealth's

-2-

motion and amended the indictment. The trial court then asked appellant's counsel if he intended to move for a continuance. Appellant's counsel conferred with his client and responded by saying, "Your Honor, we're prepared to go--we'll go forward then."

At the conclusion of the ensuing trial, a jury convicted appellant of felony embezzlement and sentenced him to four years in a state correctional facility. Appellant subsequently filed a petition to rehear the decision to amend the indictment, which the trial court denied.

## II.

### AMENDMENT OF THE INDICTMENT

Appellant contends that the trial court erred when it granted the Commonwealth's motion to amend the indictment because the addition of the phrase "such automobile having a value of $200.00 or more" changed the nature and character of the offense charged in the indictment. Appellant argues that the indictment initially charged "misdemeanor" embezzlement and that the amendment changed the nature of the charge to "felony" embezzlement. We disagree with appellant's interpretation of the original indictment.

An indictment is a written accusation of crime that is initially prepared by a Commonwealth's attorney and returned "a true bill" by a grand jury. Code § 19.2-216. The function of an indictment "is to give an accused notice of the nature and

-3-

character of the accusations against him in order that he can adequately prepare to defend against his accuser." Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990) (citing Va Const. art. I, § 8; Hairston v. Commonwealth, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986)). Indictments are statutorily required to "be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the [jurisdiction] in which the accused committed the offense, and (4) reciting [the date] that the accused committed the offense . . . ." Code § 19.2-220.

As a preliminary matter, we agree with appellant that Code § 18.2-111 establishes the statutory crime of embezzlement and distinguishes between two grades of the offense: "felony" embezzlement and "misdemeanor" embezzlement.[1] The factor delineating felony embezzlement from misdemeanor embezzlement is whether or not the property embezzled equals or exceeds $200 in value. In Virginia, a felony is any offense that "is punishable with death or confinement in a state correctional facility,"

---

[1]Code § 18.2-111 states in relevant part that:

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any . . . personal property, tangible or intangible, . . . which shall have been entrusted or delivered to him by another . . . he shall be guilty of embezzlement. Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.

while all other crimes are misdemeanors.  Code § 18.2-8.
Regarding the punishment for embezzlement, Code § 18.2-111 states
that "[e]mbezzlement shall be deemed larceny and upon conviction
thereof, the person shall be punished as provided in § 18.2-95 or
§ 18.2-96."  Code § 18.2-95 defines grand larceny in part as
"simple larceny not from the person of another of goods and
chattels of the value of $200 or more."  Code § 18.2-95 also
states that grand larceny "is punishable <u>by imprisonment in a
state correctional facility</u> . . . ."  Code § 18.2-95 (emphasis
added).  Code § 18.2-96, on the other hand, defines petit larceny
in part as "simple larceny not from the person of another of
goods and chattels of the value of less than $200 . . . which
shall be punishable as a Class 1 <u>misdemeanor</u>."  (Emphasis added).
Thus, pursuant to Code § 18.2-111, embezzlement is a felony when
the value of the property embezzled equals or exceeds $200
because this subjects the wrongdoer to the possibility of
punishment in a state correctional facility.  Code §§ 18.2-95,
18.2-8.  Likewise, embezzlement is a misdemeanor when the value
of property embezzled is less than $200 because this crime is
only punishable under Code § 18.2-96.

We hold that, prior to the Commonwealth's motion to amend,
the indictment charged appellant with felony embezzlement.  "An
indictment is sufficient if it gives the accused 'notice of the
nature and character of the offense charged so he can make his
defense.'"  <u>Satcher v. Commonwealth</u>, 244 Va. 220, 231, 421 S.E.2d

821, 828 (1992) (citation omitted).  When considering the sufficiency of an indictment to charge a particular offense on appeal, we limit our scrutiny to the face of the document.  41 Am.Jur.2d Indictments and Informations § 92 (1995).  We give the indictment an objective, common sense construction, and its validity is to be determined by practical, not technical, considerations.  42 C.J.S. Indictments and Informations § 79 (1991); cf. Jolly v. Commonwealth, 136 Va. 756, 762, 118 S.E. 109, 112 (1923) (holding that an indictment was valid despite having a "formal defect" when the substance of the allegations was clear).  Words are construed according to their plain, ordinary meaning, unless they are otherwise specifically defined by law.  42 C.J.S. Indictments and Informations § 79; cf. Jolly, 136 Va. at 762, 118 S.E. at 112 (construing the allegations in an indictment according to their clear, unequivocal meaning).  An indictment "is sufficient unless it is so defective that by no construction can it be said to charge the intended offense."  41 Am.Jur.2d Indictments and Informations § 92.

The face of the indictment sufficiently indicates that the grand jury intended to charge appellant with felony embezzlement.  In particular, the indictment makes three allegations that, taken together, support construing the indictment as a charge of felony embezzlement.  The indictment alleged (1) that appellant embezzled an "automobile," (2) that he did it "feloniously," and (3) that he violated Code § 18.2-111.  First, the reference to

Code § 18.2-111 indicates the grand jury's intent to charge appellant with some form of embezzlement. However, because the grade of embezzlement charged is determined by the value of the property embezzled, this reference to Code § 18.2-111, by itself, does not indicate whether appellant was charged with a misdemeanor or a felony.

Instead, the intent of the grand jury to charge felony embezzlement is indicated by the inclusion of the word "feloniously" in the indictment. "Feloniously" is commonly defined as "of, relating to, or having the quality of a felony." Webster's Third New International Dictionary 836 (1968). In addition, until 1923, grand juries were required to use the word "feloniously" in an indictment in order to properly charge a defendant with a felony. See Jolly, 136 Va. at 761, 118 S.E. at 111. Although use of the word "feloniously" is no longer mandatory, id. at 762, 118 S.E. at 111, the inclusion of it in an indictment charging a statutory offense that may be defined as either a felony or a misdemeanor indicates the intent of the grand jury to charge the felony grade of the offense.

We disagree with appellant's argument that the word "feloniously" as used in the indictment was mere surplusage. No Virginia court has ever held that the use of the word "feloniously" in an indictment is surplusage in all contexts. Instead, the relevant case law indicates that courts apply a non-technical, common sense approach to the interpretation of

indictments that requires reading the word "feloniously" together with other information contained in the indictment.

In Young v. Commonwealth, the indictment charged the defendant with "feloniously" committing a statutory misdemeanor. 155 Va. 1152, 1154-55, 156 S.E. 565, 566 (1931). The Virginia Supreme Court held that the inclusion of the word "feloniously" neither made the charge a felony nor invalidated the indictment because the nature of the crime could be determined by reference to the statute under which the defendant was charged. Id. at 1155-56, 156 S.E. at 566. The court also stated that in this situation the word "feloniously" should be regarded as mere surplusage. Id. at 1156, 156 S.E. at 566, see also Meyers v. Commonwealth, 148 Va. 725, 730, 138 S.E. 483, 484 (1927); Morris v. Commonwealth, 145 Va. 880, 881-82, 134 S.E. 567, 568 (1926).

In Jolly, the defendant was charged with a statutory felony, but the indictment did not state that appellant had committed the crime "feloniously." 136 Va. at 761, 118 S.E. at 111. The Supreme Court held that the absence of the word "feloniously" did not invalidate the indictment because "the acts charged in the indictment [were] sufficient to show that . . . the accused has been charged with [a felony]." Id. at 762, 118 S.E. at 111; see also Staples v. Commonwealth, 140 Va. 583, 586, 125 S.E. 319, 320 (1924). The Court also abrogated the common law rule that required felony indictments to formally include the word "feloniously." Jolly, 136 Va. at 762, 118 S.E. at 111.

-8-

Although these cases stand for the combined proposition that an indictment is not rendered defective by the erroneous inclusion or absence of the word "feloniously," these cases do not hold that the word "feloniously," when used properly, is wholly devoid of both its ordinary and common law meaning. We hold that when an indictment charges a statutory offense that is capable of being classified as either a felony or a misdemeanor, the use of the word "feloniously" is not surplusage. Instead, it indicates which grade of the offense is being charged. In this case, Code § 18.2-111 impliedly states that the offense of embezzlement can be either a misdemeanor or a felony. Thus, the inclusion of the word "feloniously" in appellant's indictment indicated the grand jury's intent to charge the felony grade of embezzlement.

Because we conclude that the original indictment charged appellant with felony embezzlement, we hold that the trial court did not err when it permitted the Commonwealth's amendment. Code § 19.2-231 authorizes a trial court "to amend an indictment at any time before the verdict is returned or a finding of guilt is made, provided that the amendment does not change the nature or character of the offense charged." Cantwell v. Commonwealth, 2 Va. App. 606, 608, 347 S.E.2d 523, 524 (1986). In this case, appellant was charged with felony embezzlement both prior to and after the trial court amended the indictment by adding the phrase "such automobile having a value of $200.00 or more." Although

the Commonwealth's amendment more clearly described the automobile allegedly embezzled by appellant, it did not change the nature or character of the offense charged.

Also, because the grand jury initially indicted appellant for felony embezzlement, we need not consider appellant's other statutory and constitutional arguments.

For the foregoing reasons, we affirm the conviction of felony embezzlement.

_Affirmed_.
