# Richmond

## HENRY B. SPARKS v. COMMONWEALTH

March 15, 1923.

1. LARCENY—*Presumption from Possession of Stolen Goods—Exclusive Possession—Attempts of Prisoner to Explain Possession—Case at Bar.*—In a prosecution for larceny, to raise the presumption of guilt from the possession of the fruits of the crime by the prisoner, it is necessary that the stolen property be found in the prisoner's exclusive possession. But in the instant case this doctrine has no application, since the accused claimed as his own the property found in his garage and identified as the stolen property by the complaining witness, and undertook to explain how he came in possession of it.

2. LARCENY—*New Trial—Evidence Sufficient to Support Verdict of Guilty—Case at Bar.*—In the instant case, a prosecution for larceny, it was shown that accused was seen in the vicinity at the time of the crime, and when accused's garage was searched the property stolen was found therein. Accused claimed the stolen property as his own and undertook to explain how he came in possession of it.

    *Held:* That the evidence was sufficient to support a verdict of guilty.

Error to a judgment of the Circuit Court of Madison county.

*Affirmed.*

The opinion states the case.

*Fife & Pitts* and *E. O. McCue,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

WEST, J., delivered the opinion of the court.

Henry B. Sparks was convicted of petit larceny and sentenced to jail for twelve months and to pay a fine of $100.00. To that judgment this writ of error was awarded.

The accused rests his only assignment of error upon the refusal of the court to set aside the verdict of the jury because of a lack of evidence to support it.

In April, 1921, while on his way to Sunday school, J. N. Estes, of Madison county, broke an axle to his automobile. He left the car just inside of his gate at the public road, where it could have been seen by any one passing along the road. Between sunset on Tuesday night, April 19th, and sunrise the next morning, someone stole and carried away from his automobile a tire pump, the cushions, four tires, four inner tubes, one automobile jack and two automobile chains. The automobile was between fifty and one hundred yards from the point where the Madison and Wolftown roads cross.

On the night of the 19th of April, between nine and nine-thirty o'clock, Claude Carpenter passed a Ford automobile below Estes' gate and a Ford truck at the forks of the Wolftown and Madison roads. This automobile and truck were driven by the accused and another man named Taylor, who were on their way to deliver the truck to one George L. Gibbs. The truck was driven by Taylor and the car by the accused.

On the morning of April 20th it was ascertained that the Estes car had been robbed during the night of all movable parts. One track was found around the car which led up the road to the cross-roads where the truck and car had been stopped.

Hearing the accused had been in the neighborhood the night his car was robbed, Estes went to Charlottesville, where he visited a garage managed by the accused, and saw and identified the pump which was stolen from

his car.   The next day he secured a search warrant for a search of the Sparks garage and found his pump and one of the cushions taken from his car, which was in another automobile, under another cushion, with some junk piled on top of it.

He fully and positively identified these two articles as his property.   The pump had been moved from the place where it was seen the day before and the hose had been cut therefrom.   He also found two U. S. tires, an automobile jack and some automobile chains which looked like those stolen from his car, but could not say for certain they were his property.

The foregoing facts appear from the evidence introduced on behalf of the Commonwealth.

The accused, testifying in his own behalf, admitted that he passed the Estes home on the night of April 19th, but denied all knowledge of the location of the Estes car on the roadside, or the articles stolen therefrom.   He claimed that the articles identified by Estes as the property stolen from the car were his own property and undertook to explain how he came in possession of them.

He testified that the cushion which Estes identified as stolen from his car was his property and belonged to a Chevrolet car which he bought from one Walton, and that the pump identified by Estes was his and that he got it with a car which he bought from one Wilberger.   The accused also testified that the garage was owned by his mother and sister and that other persons than himself had access to the place.   He introduced other witnesses whose testimony tended strongly to corroborate his own on material points.

Counsel for the accused earnestly contends that because the evidence shows that Taylor and perhaps others had equal opportunity to commit the offense that the

accused had, and because, as he claims, the possession of the stolen articles was not exclusive on the part of the accused, he cannot be convicted, citing *Tyler's Case,* 120 Va. 868, 871, 91 S. E. 171.

[1] It is true that to raise the presumption of guilt from the possession of the fruits of crime by the prisoner it is necessary that they be found in his exclusive possession. *Tyler's Case, supra.* But, that doctrine has no application in the instant case, since the accused claimed as his own property the pump and the cushion which Estes positively identified as property stolen from his car, and undertook to explain how he came in possession of them. If the jury believed the testimony of Estes and his son as to the identity of the stolen property, and disbelieved the testimony for the accused as to how he came in possession of it, which they had the right to do, and evidently did do, they were compelled to return a verdict of guilty.

[2] There was evidence to support the verdict and under the law we cannot disturb it.

The judgment is affirmed.

*Affirmed.*