# Staunton

FRANKLIN LEEBRICK v. COMMONWEALTH OF VIRGINIA.
CHARLES ALLEN v. COMMONWEALTH OF VIRGINIA.

September 4, 1956.

Record Nos. 4568, 4569.

Present, All the Justices.

The opinion states the case.

*Douglas M. Eger*, for plaintiff in error, Leebrick.

*J. Murrell Daniel*, for plaintiff in error, Allen.

*C. F. Hicks, Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

 Franklin Leebrick and Charles Allen were tried jointly on separate indictments charging each with breaking and entering the storehouse of Hollins Mill Road Drive-In with intent to steal and stealing therefrom certain personal property. Each was found guilty of "statutory burglary as charged . . . . ." and the punishment fixed at two years confinement in the penitentiary.

The decisive question raised is whether the evidence is sufficient to support the verdicts.

The uncontradicted testimony for the Commonwealth proves that on July 27, 1955, between 3 A. M. and 9:45 A. M. someone broke into the storehouse of Hollins Mill Road Drive-In, owned by George Kaiynski and Virgil Naff, located in the City of Lynchburg, and stole therefrom $15.00 in money, "one boning knife, one box of cigars, two flashlights of the total aggregate value of $50.00." This establishes beyond a reasonable doubt the *corpus delicti* of both the breaking and entering, and the larceny of the goods. The issue is thus narrowed to whether defendants were proven to have been the criminal agents.

There is no conflict in the testimony on this point. It is stated in narrative form and is as follows:

Mrs. J. T. Burks testified that she is an aunt of Charles Allen and lives at 808 N. Norwood Street in Lynchburg; that Allen, who was then 18 years of age, and Franklin Leebrick, 19 years of age, stayed in her home watching a television program until 11:30 on the night of July 26th and then both left. She did not see them again until approximately 6 A. M. on July 27th, when they were both asleep on a glider on her porch. Later in the day Ernest Sprouse and Bobby Wade, two boys 16 and 10 years of age, respectively, went under Mrs. Burks' house and porch to get their fishing tackle and there found some of the stolen goods, including a ham, which was identified as being one of the articles stolen the night before from the storehouse of the Hollins Mill Road Drive-In. They reported their discovery to Mrs. Burks, who notified police officers. Two of them immediately went to her home, took possession of the stolen goods, and while they were on the porch discussing the theft with Mrs. Burks the two defendants passed, were arrested and charged with

breaking and entering. They were taken to the police station and there were asked repeatedly about the crime. Each denied any knowledge of the crime.

This testimony merely proves that defendants could have walked from one side of Lynchburg to the other, broken and entered the storehouse of Hollins Mill Road Drive-In and carried the stolen goods to Mrs. Burks' home and placed them under the porch before 6 A. M., but the testimony falls far short of proving that the defendants did any of these things or that they, or either of them, had exclusive possession of, or claimed a property interest in, any of the stolen articles. The testimony merely shows that the stolen goods were found under the porch where defendants slept. It is not denied that in order to gain access to and possession of the stolen goods it was necessary to go down the steps of the porch, walk around the house and enter the basement from a side opening that was never closed, and that several boys living in the neighborhood with the knowledge and consent of the owners kept their fishing tackle in the basement under the porch, to which they and others had access at all times.

It is well settled that the unexplained possession of recently stolen property creates a presumption of guilt, but such possession must be exclusive on the part of the accused. In *Tyler v. Commonwealth*, 120 Va. 868, 871, 91 S. E. 171, this court quoted with approval the following from 3 Greenleaf on Evidence, Sec. 33:

"But to raise the presumption of guilt from the possession of the fruits of (or) the instruments of crime by the prisoner it is necessary that they be found in his *exclusive possession*. A constructive possession, like constructive notice or knowledge, though sufficient to create a civil liability, is not sufficient to hold the prisoner to a criminal charge. He can only be required to account for the possession of things which he actually and knowingly possessed, as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others had equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone."

The Commonwealth argues that the verdict and judgment of the trial court should be affirmed on the ground that the actions and statements of the two defendants after their arrest were inconsistent

with their innocence and consistent with their guilt. This may be true, but without evidence tending to show that defendants had exclusive possession of or claimed a property interest in the stolen goods such statements and actions after arrest are insufficient to support a verdict of guilty.

The only action tending to show guilt of Franklin Leebrick is that while under arrest he twice escaped from police officers. The first escape was soon after his arrival at the police station on the day of his arrest. Several days later he was re-arrested, again escaped and was later recaptured. Evidence of an escape or attempt to escape from arrest is admissible as tending to prove guilt, but it is not alone sufficient to establish the guilt of the accused beyond a reasonable doubt. *Bowie* v. *Commonwealth*, 184 Va. 381, 35 S. E. 2d 345; *Quidley* v. *Commonwealth*, 190 Va. 1029, 59 S. E. 2d 52; *Sturgis* v. *Commonwealth*, 197 Va. 264, 88 S. E. 2d 919.

[■ Sergeant Nash testified that he and the other police officers who questioned the defendants confined their discussion to the breaking and entering of the storehouse of the Hollins Mill Road Drive-In, but said nothing about finding the stolen goods under the Burks porch, and that on questioning Allen on the day after his arrest Allen asked him "Couldn't J. T. Burks and Gladys Burks put them (stolen articles) under there?" Franklin Leebrick made a similar statement to Ellis Junior Sprouse the day after he made his first escape.

The Commonwealth contends that under the circumstances the only inference to be drawn from the statements made is that defendants knew the stolen goods had been hidden under the porch and that they had gained this information from sources other than the police officers. This may be true, but knowledge that a crime has been committed is quite different from the commission of a criminal act. In addition, the testimony tends to show that the two defendants were at the Burks home when the police officers arrived and that they passed the porch while the police officers were discussing the crime with Mrs. Burks, and it is just as reasonable to infer that they heard a sufficient part of the discussion to know that some of the articles had been found under the porch as it is to infer that they knew who hid the articles there and when they were hidden.

The evidence considered as a whole merely raises a strong suspicion of defendants' guilt, but it fails to establish such guilt beyond a reasonable doubt.

The judgments of the trial court are reversed, the verdicts set aside and the cases remanded for new trials if the Commonwealth be so advised.

*Reversed and remanded.*