COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Bray and
         Retired Judge Whitehurst[*]
Argued at Norfolk, Virginia


DENNIS G. CACCIOPPO

v.   Record No. 2209-93-1                    OPINION BY
                                    CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                     JUNE 27, 1995


            FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                        Glen A. Tyler, Judge

            Carl H. Bundick (Mapp, Mapp & Klein, on
            brief), for appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Dennis G. Caccioppo appeals his jury trial convictions for

breaking and entering a storehouse with the intent to commit

larceny therein and for grand larceny, in violation of Code

§§ 18.2-91 and 18.2-95, respectively. Caccioppo argues that the

trial judge erred in allowing the Commonwealth's witnesses to

testify because the Commonwealth's attorney in issuing its

summons for witnesses failed to file with the clerk of the court

the names and addresses of such witnesses pursuant to Code

§ 19.2-267. Because such filing is a directory rather than a

mandatory requirement, we hold that failure to file the names and

addresses of such witnesses with the clerk does not prevent the

witnesses from being called to testify. Caccioppo also contends

_____
        [*] Retired Judge Alfred W. Whitehurst took part in
consideration of this case by designation pursuant to Code
§ 17-116.01.

that the trial judge erred in failing to exclude evidence that Caccioppo possessed stolen property which was not the subject of the grand larceny indictment and erred in refusing to grant his motion to strike the Commonwealth's evidence as being insufficient to support the convictions.  We disagree and affirm.

I.

> Code § 19.2-267 reads, in pertinent part, as follows: In a criminal case a summons for a witness may be issued by the attorney for the Commonwealth . . . ; [provided,] however, [that] any attorney [for the Commonwealth] who issues such summons shall, at the time of the issuance, file with the clerk of the court the names and addresses of such witnesses.

The Commonwealth's attorney issued summonses for its witnesses but did not file the names and addresses of the witnesses with the clerk of the court "at the time of the issuance"; rather, such information was filed the day of trial. After the jury was sworn and opening statements concluded, Caccioppo moved to prohibit the Commonwealth's witnesses from testifying based on the Commonwealth's failure to timely file such information.  Caccioppo conceded to the trial judge that he knew the names of witnesses, but argued that the use of the word "shall" in Code § 19.2-267 makes the Commonwealth's compliance mandatory.

We hold that the use of "shall" in Code § 19.2-267 is "directory and not mandatory."  See Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994).  Such provisions are "procedural in nature" and "precise compliance is not to be

deemed essential to the validity of the proceedings," absent infringement of a substantive right. Id. (citations omitted). The procedural nature of this requirement is underscored by the Supreme Court's repeated holding that the use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent. See Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991); Fox v. Custis, 236 Va. 69, 372 S.E.2d 373 (1988); Moore v. Commonwealth, 218 Va. 388, 237 S.E.2d 187 (1977); Huffman v. Kite 198 Va. 196, 93 S.E.2d 328 (1956); Nelms v. Vaughan, 84 Va. 696, 5 S.E. 704 (1888).

As we said in West v. Commonwealth, 16 Va. App. 679, 432 S.E.2d 730 (1993):                                    While violations of state procedural statutes are viewed with disfavor, . . . neither the Virginia Supreme Court nor the legislature has adopted an exclusionary rule for such violations. . . . where no deprivation of the defendant's constitutional rights occurred.

Id. at 692, 432 S.E.2d at 738 (citations omitted) (holding that because Code § 19.2-57, a procedural statute requiring the filing of an inventory following the execution of a search warrant, did not expressly provide a right of suppression of evidence, a violation of that provision does not require application of the exclusionary rule).

Nothing in Code § 19.2-267 prohibits the Commonwealth's witnesses from testifying nor is there any suggestion in the

statute that such a remedy was intended by the legislature. Caccioppo's substantive rights were not affected by the Commonwealth's failure to file the information at the time of the issuance of the summons.

## II.

At trial, Caccioppo objected on relevancy grounds to the trial judge allowing in evidence a list of items missing from the store other than the outboard motor that was the subject of the grand larceny indictment. Among those items were ice chests, which were never recovered.

The Commonwealth presented evidence that when Caccioppo needed money he would break into the storehouse owned by his former employer and take items which he would then sell. A friend of Caccioppo's testified that Caccioppo sold him the property charged in the indictment, an outboard motor. As part of its case, the Commonwealth also offered testimony about other items of property stolen from the storehouse at the same time, in "mid April" 1993, as the outboard motor. This property was never recovered. However, a witness testified that about the same time that Caccioppo sold the outboard motor, Caccioppo offered to sell him some ice chests.

"[E]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible." Epperly v. Commonwealth, 224 Va. 214, 230, 294 S.E.2d 882, 891 (1982). In addition, evidence that adds "force and strength to other evidence bearing upon" an issue presented

- 4 -

is admissible.  McNeir v. Greer-Hale Chinchilla Ranch, 194 Va.

623, 628, 74 S.E.2d 165, 169 (1953).

> [U]pon proof of breaking and entering and a theft of
> goods, if the evidence warrants an inference that the
> breaking and entering and theft were committed at the
> same time by the same person as a part of the same
> transaction, the exclusive possession of stolen goods
> shortly thereafter gives rise to an inference that the
> possessor is guilty of the breaking and entering.

Ferrell v. Commonwealth, 11 Va. App. 380, 388, 399 S.E.2d 614,

618 (1990) (citation omitted).

The evidence proved that the breaking and entering occurred in "mid April" 1993.  The fact that Caccioppo had in "mid April" sold the outboard motor stolen in the burglary was evidence that tended to prove he committed the larceny and burglary at the same time.  See id.  The further fact that he offered to sell ice chests, items that were also stolen, was a circumstance that tended to prove he had possessed property stolen in the burglary, and was therefore admissible because the proof increased the probability that he had committed the burglary.  Thus, the trial court did not err in overruling Caccioppo's motion to exclude testimony concerning other items of property stolen at the time of the burglary, even though such items were not the subject of the grand larceny indictment.

                              III.

Finally, we find no merit in Caccioppo's argument that the Commonwealth's evidence was insufficient.  The evidence proved that Caccioppo had worked for the victim of the theft and that on previous occasions when he needed money he had broken and entered

and stolen property which he sold.  These facts, together with the fact that he possessed shortly thereafter, some of the property stolen in the burglary, were sufficient evidence to give rise to an inference that he was both the thief and the burglar.  See id.; see also Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981); Fout v. Commonwealth, 199 Va. 184, 190, 98 S.E.2d 817, 821 (1957).

Therefore, the trial judge did not err in overruling Caccioppo's motion to strike the Commonwealth's evidence.

For all of the above-stated reasons, Caccioppo's convictions are affirmed.

Affirmed.