COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


BERNARD LEWIS MILES, JR.

v.          Record No. 2387-94-2          MEMORANDUM OPINION[*] BY
                                          JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                         MARCH 19, 1996

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Walter W. Stout, III, Judge


              Cynthia E. Payne for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


     Following a jury trial, the appellant, Bernard L. Miles,

Jr., was convicted of abduction with intent to defile and

attempted sexual battery.  Pursuant to the jury's recommendation,

the trial court sentenced Miles to seventy-five years

imprisonment for abduction with intent to defile and five years

for attempted sexual battery.  The victim was a ten-year-old

child.  On appeal, Miles contends that, during the sentencing

phase, the trial court improperly admitted the Commonwealth's

rebuttal evidence of a threat the defendant made to a police

officer fifteen years previously.  Finding no error, we affirm.

     Under Code § 19.2-295.1, after the Commonwealth presents

evidence of the defendant's prior convictions, the defendant may

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

introduce relevant, admissible evidence related to punishment, and the Commonwealth may then introduce relevant, admissible evidence in rebuttal.

The recitation of facts is limited to those admitted during the sentencing phase. The Commonwealth produced evidence of Miles' May 31, 1979 convictions for abduction by deception with intent to defile and sodomy. Miles then called James R. Thompson, Jr., a psychologist, the director of the Relapse Prevention Program at the Staunton Correctional Center. Thompson testified generally about relapse prevention and then stated that he had met with Miles in 1990 while Miles was incarcerated for his 1979 convictions. He testified that he believed Miles sincerely intended to deal with his problem of being a sexual offender and that Miles "had a tremendous amount of interest in returning to free society and remaining there . . . leading a law-abiding productive life."

On cross-examination, Thompson testified, with respect to Miles' prognosis, that he "was concerned about [Miles] and his behavior after he [got] out. . . . [All sex offenders] have a proven track record of highly dysfunctional behavior . . . ." Miles' father testified that, since his son's release from prison, he had been employed and had refrained from using alcohol.

In rebuttal, the Commonwealth called Henrico County Police Officer Jerry Gainous, who was involved in the investigation of

Miles' prior offenses.  Gainous testified that "at the end of [the 1978] investigation, [in] one of the last interviews [he] conducted with Bernard Miles, [Miles] threatened to kill--when he got out of prison, he threatened to kill [Gainous] and [his] family and he dwelled on [Gainous'] children."  Miles objected, relying on the rules of evidence regarding proper rebuttal of character evidence.  He argued that Gainous' testimony was improper since (1) Miles had not put his character in issue; and, alternatively, (2) even if his character had been in issue, the Commonwealth was precluded from rebutting his good character by showing specific bad acts.  The court overruled Miles' objection, ruling that both Thompson's and Gainous' testimony was evidence of Miles' future intent, not his character.

Miles filed a motion to set aside or modify the sentence on the grounds that Gainous' testimony was inadmissible as a prior bad act, too remote in time, and highly prejudicial.  The court denied the motion, for the reasons stated at trial.  The court also stated that Miles failed to timely raise the issue of remoteness, that he subsequently cross-examined Gainous extensively, and that the jury's knowledge of Miles' prior conviction outweighed any prejudice to Miles.

The admissibility of evidence is left to the discretion of the trial judge.  Miller v. Commonwealth, 15 Va. App. 301, 304, 422 S.E.2d 795, 797 (1992), aff'd, 246 Va. 336, 437 S.E.2d 411 (1993).  The trial judge did not abuse his discretion concluding

that Gainous' testimony was not improper rebuttal of character evidence but was offered to rebut Thompson's testimony concerning Miles' future intent.  The trial judge also properly ruled that the evidence rebutted Thompson's testimony.  Thompson's testimony did not put Miles' character in issue; it addressed Miles' intention upon his 1992 prison release.  Gainous' testimony was proper since it was elicited to "explain, repel, counteract, or disprove" Miles' evidence.  Black's Law Dictionary 1139 (5th ed. 1979); see generally Charles E. Friend, The Law of Evidence in Virginia § 1-4(e) (4th ed. 1993).  As such, it tends to prove the improbability of Miles' good intentions.  Cf. Caccioppo v. Commonwealth, 20 Va. App. 534, 538, 458 S.E.2d 592, 595 (1995) ("[E]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is admissible.") (citation omitted).

Miles also argues that Gainous' testimony was irrelevant because it was remote in time and circumstance and that it was prejudicial.  However, Miles did not raise either of these arguments at trial; he raised them for the first time in his post-verdict motion.  Because Miles failed to raise the issues timely, he is precluded from raising them on appeal.[1]  Rule 5A:18.

---

[1]The trial court clearly considered Miles' remoteness argument procedurally barred at the hearing on his post-verdict motion and, as such, did not rule on whether Gainous' statement was too remote to be admissible.

<u>Affirmed</u>.