## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

   v.

Joseph Richard Durst

June 5, 1996

Case No. 4456

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on May 31, 1996, on the defendant's motion to dismiss. At the conclusion of the hearing, the Commonwealth asked to brief the issues raised, and the Court took the case under advisement. The Court has now had the opportunity fully to consider the briefs and argument of counsel. For the reasons stated below, the motion to dismiss is denied.

The facts of this case will be briefly summarized. Defendant Joseph Richard Durst was arrested on July 19, 1995, and charged with driving while intoxicated in violation of Virginia Code § 18.2-266. The arresting officer did not seize the defendant's operator's license or serve the defendant with a notice of suspension pursuant to Code § 46.2-391.2. Because the defendant's license was not confiscated, the arresting officer did not prepare the report required by Code § 46.2-391.2(B). That section provides that:

> Promptly after arrest and service of the notice of suspension, the arresting officer shall forward to the magistrate a sworn report of the arrest that shall include (i) information which adequately identifies the person arrested and (ii) a statement setting forth the arresting officer's grounds for belief that the person violated § 18.2-266 or a similar local ordinance . . . .

Va. Code Ann. § 46.2-391.2(B) (Repl. Vol. 1994).

The defendant argues that because the arresting officer did not prepare the report required by § 46.2-391.2(B), he has been denied his right to "call for evidence in his favor" as guaranteed by Article I, § 8, of the Virginia Constitution. *See Winston v. Commonwealth*, 188 Va. 386, 49 S.E. 2d 611 (1948). The defendant maintains that such reports have proven in other cases to be useful to defense counsel in cross-examining the arresting officer. The defendant contends that this case must be dismissed in that the violation of the mandatory language of Code § 46.1-391.2 amounts to a violation of a constitutionally-protected right. *See West v. Commonwealth*, 16 Va. App. 669, 432 S.E.2d 730 (1993) (no exclusionary rule for violations of state procedural statutes where no deprivation of the defendant's constitutional rights occurred).

The defendant relies on the case of *Winston v. Commonwealth, supra.* In *Winston*, the defendant was arrested for driving while intoxicated. The defendant denied being intoxicated and "asked that he be taken to a physician in order that he might be examined and his true condition determined." 188 Va. at 389. Once jailed, the defendant's requests to be brought before a judicial officer so that he could post bail were similarly ignored. The defendant was not brought before a judicial officer for the determination of bail for over five hours. The Virginia Supreme Court held that the failure of the arresting officer to fulfill his statutory duty promptly to bring the defendant before a judicial officer for the determination of bail amounted to an illegal detention. That "illegal detention" forever deprived the defendant the opportunity to be released from incarceration in sufficient time to be examined by a physician in order to substantiate his claim of sobriety. The prosecution was dismissed because the defendant was denied the opportunity of producing evidence in his favor which could not be remedied by the grant of a new trial.

The Commonwealth responds that the failure of the arresting officer to prepare the report required by § 46.2-391.2(B) did not deprive the defendant of any evidence. Unlike *Winston v. Commonwealth, supra*, where the prosecution was dismissed because "the defendant was forever deprived of material evidence," the defendant in this case was not forever deprived of the arresting officer's reasons for arresting the defendant for driving while intoxicated. The Commonwealth argues that Code § 46.2-391.2(B) was not intended to broaden the discovery available to the misdemeanor defendant as set forth in Rule 7C:5.

The Court is persuaded by the Commonwealth's argument that the defendant in this case, unlike the appellant in *Winston*, has not been forever

deprived of the opportunity to call for evidence in his favor. At best, had the report been prepared, the defendant would have had in advance of trial the police officer's grounds for belief that the defendant was driving while intoxicated. Discovery in misdemeanor cases is allowed as provided for in Rule 7C:5 of the Rules of the Supreme Court of Virginia. The legislature did not intend for Code § 46.2-391.2(B) to broaden the scope of discovery in such cases. Furthermore, the defendant will have the opportunity fully to test the arresting officer's grounds for suspecting the defendant of driving while intoxicated through cross-examination at trial. The defendant has no constitutional right to have his operator's license confiscated pursuant to the administrative license suspension provisions of Code § 46.2-391.2. The Court concludes that the language of § 46.1-391.2 that provides that the arresting officer "shall" serve a notice of suspension, "shall" promptly take possession of the operator's license, and "shall" forward to the magistrate a sworn report of the arrest is "directory and not mandatory." *See Caccioppo v. Commonwealth*, 20 Va. App. 534, 537, 458 S.E.2d 592 (1995) (citing cases). The arresting officer's failure to institute the administrative license suspension procedures does not mandate the dismissal of the defendant's prosecution for driving while intoxicated.