BENTON, Judge,
dissenting, in part, and concurring, in part.
I concur in Parts I, II, and III of the majority opinion. I do not join in Part IV because I believe Paul B. Lester preserved for appeal the issue of sufficiency of the evidence to prove *507 burglary. I also agree with Lester’s contention that the evidence failed to prove he exclusively possessed the stolen property.
At the conclusion of all the evidence, Lester’s counsel moved to strike the evidence regarding the burglary charge. In pertinent part, counsel argued as follows:
Incorporating the motion to strike in regard to the close of all of the evidence. In terms of the breaking and entering, Your Honor, I would submit to the Court there has been no evidence tying Mr. Lester to that location on October 22nd. We have a detective who has testified that there were no fingerprints recovered, nothing to show he was actually there. And the mere possession of recently stolen property has no presumption in regard to a break and enter.
On this appeal, Lester contends the evidence was insufficient to prove the burglary charge because the evidence neither proved he was present at the burgled residence nor proved he had exclusive possession of the stolen property.
No direct evidence proved that Lester burgled Katharina Bergdoll’s home. We are guided by the following principles concerning the circumstantial evidence in this case:
[W]hen evidence has been introduced, which, if believed, establishes that a house has been broken and entered and goods stolen therefrom, and warrants an inference beyond a reasonable doubt that the breaking and entering and the larceny of the goods were committed at the same time, by the same person or persons, as a part of the same transaction, upon principle and authority, the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny.
Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935). “It is well settled that the unexplained possession of recently stolen property creates a presumption of guilt, but such possession must be exclusive on the part of the accused.” Leebrick v. Commonwealth, 198 Va. 365, 367, 94 S.E.2d 212, *508 214 (1956). Thus, “the evidence must reveal that the accused was consciously asserting at least a possessory interest in or exercising dominion over the stolen property.” Ferrell v. Commonwealth, 11 Va.App. 380, 388, 399 S.E.2d 614, 618 (1990). Additionally, an accused can jointly possess stolen property with another. See Castle v. Commonwealth, 196 Va. 222, 227, 83 S.E.2d 360, 363-64 (1954). However, “[t]he Commonwealth must prove by the evidence, beyond all reasonable doubt, that the possession was exclusive; that it was personal; that it was recent and that it was unexplained.” Id. (emphasis added).
Viewed in the light most favorable to the Commonwealth, the evidence proved that property recently stolen from Berg-doll’s home was found by police in the bedroom where Lester and Amy Donovant resided. The officers recovered from atop a dresser Bergdoll’s jewelry case and a number of items of women’s jewelry, such as earrings, beads, and rings, some of which had been stolen from BergdoU’s home. A music box that did not belong to Bergdoll was also on the dresser. Asked how the stolen property came to be in the room, Lester responded that he did not know and said, “[a] lot of people come in and out of the house.” When the officers found one of Bergdoll’s rings on Donovant’s finger and informed Lester that Donovant was wearing one of the stolen rings, Lester denied knowing the origin of the ring. None of Bergdoll’s other property was recovered from the dwelling.
Proof that Donovant resided in the room where the jewelry was located and was wearing one of the stolen rings creates a reasonable doubt that Lester exclusively possessed the stolen property. See Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981) (per curiam) (holding that exclusive possession was not proved where “the evidence revealed that several persons other than the accused had access to the open shed where the stolen property was found”); Leebrick, 198 Va. at 367, 94 S.E.2d at 213 (holding that where stolen property was located under a porch where the defendants slept, the evidence “falls far short of proving that the defendants ... had exclusive possession of, or claimed a property interest in *509 ... any of the stolen articles”); Castle, 196 Va. at 228, 83 S.E.2d at 364 (holding that “[t]he mere fact that stolen articles are found on the premises of a man of a family or in a place to which others have free access, without a showing of his actual conscious possession thereof, ... is not sufficient to justify an inference of guilt”). The evidence in the record fails to exclude the reasonable inference that Lester was unaware that the property was stolen or that Donovant, who shared the room, possessed the property and placed it on the bedroom dresser.
“[T]o raise the presumption of guilt from the possession of the fruits of [or] the instruments of crime by the [accused] it is necessary that they be found in his exclusive possession. A constructive possession, like constructive notice or knowledge, though sufficient to create a civil liability, is not sufficient to hold the [accused] to a criminal charge. He can only be required to account for the possession of things which he actually and knowingly possessed, as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others had equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone.”
Tyler v. Commonwealth, 120 Va. 868, 871, 91 S.E. 171, 172 (1917) (emphasis added) (citation omitted).
Furthermore, the Commonwealth’s claim that Lester jointly possessed the jewelry with Donovant was not proved beyond a reasonable doubt. As the Court observed in Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 267-68 (1985), “[t]he Commonwealth presented no evidence that [Lester] exercised any degree of dominion or control over the [stolen property].” Lester claimed no knowledge of the stolen property and responded to the officers’ questions by noting that a number of people had access to the bedroom. The Commonwealth’s own evidence proved that the dwelling was a “rooming house” where a number of persons resided. Although the *510 police initially detained Donovant in another person’s bedroom when they executed the search warrant, Donovant was wearing one of Bergdoll’s stolen rings, and she resided in the bedroom where the remainder of Bergdoll’s jewelry was recovered. Donovant’s mother lived in another bedroom on the same floor.
These facts fail to establish that Lester possessed the woman’s jewelry. “To establish ‘possession’ in a legal sense it is not sufficient to simply show actual or constructive possession of the [stolen property] ... by the defendant [because the] Commonwealth must also establish that the defendant intentionally and consciously possessed it with knowledge of its nature and character.” Buono v. Commonwealth, 213 Va. 475, 476, 193 S.E.2d .798, 798-99 (1973) (per curiam).
Because no evidence proved beyond a reasonable doubt that Lester exclusively or jointly possessed the jewelry or exercised any dominion or control over it, the evidence was insufficient to prove that he burgled Bergdoll’s home. Therefore, I would reverse the burglary conviction.