COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


HAROLD KENNETH DICKERSON, III

                              MEMORANDUM OPINION[*] BY
v.   Record No. 0090-00-1     JUDGE JEAN HARRISON CLEMENTS
                                   MARCH 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dean W. Sword, Jr., Judge

          Joseph R. Winston (Elwood Earl Sanders, Jr.,
          Appellate Defender; Public Defender
          Commissioner, on brief), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Appellant Harold Kenneth Dickerson, III, was convicted in a

bench trial of two counts of statutory burglary in violation of

Code § 18.2-91 and two counts of grand larceny in violation of

Code § 18.2-95.  On appeal, he contends (1) the evidence was not

sufficient to sustain the convictions and (2) the trial court

erred in applying the "recent possession inference" as a mandatory

presumption.  We disagree and affirm the convictions.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts necessary to a disposition of this appeal.

### A.  SUFFICIENCY OF THE EVIDENCE

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).  We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the factfinder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

Dickerson contends that the evidence was insufficient to support his larceny and burglary convictions because there was no evidence that he broke into either victim's home and stole property.  According to him, the evidence merely showed that he was later in possession of some of the missing goods of each victim.  He was, he argues, in both instances, nothing more than an innocent and unknowing dupe.

"At common law, larceny is the taking and carrying away of the goods and chattels of another with intent to deprive the

-

owner of the possession thereof permanently."  Lund v.

Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977).

Code § 18.2-95 provides that grand larceny includes "larceny not

from the person of another of goods and chattels of the value of

$200 or more."  Furthermore, "the unexplained possession of

recently stolen goods permits an inference of larceny by the

possessor."  Bright, 4 Va. App. at 251, 356 S.E.2d at 444.  In

other words, "'[p]ossession of goods recently stolen is prima

facie evidence of guilt of the crime of larceny, and throws upon

the accused the burden of accounting for that possession.'"

Hope v. Commonwealth, 10 Va. App. 381, 385, 392 S.E.2d 830, 833

(1990) (en banc) (quoting Fout v. Commonwealth, 199 Va. 184,

190, 98 S.E.2d 817, 821 (1957)).  For the larceny inference to

arise, the Commonwealth must prove that the accused was in

exclusive possession of the recently stolen property.  Best v.

Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

In a burglary prosecution, the Commonwealth can establish a

violation of Code § 18.2-91 by "(1) proving that goods were

stolen from a house which was broken into; (2) justifying the

inference that both offenses were committed at the same time, by

the same person, as part of the same criminal enterprise; and

(3) proving that the goods were found soon thereafter in the

possession of the accused."  Bright, 4 Va. App. at 251, 356

S.E.2d at 444.  The unexplained or falsely denied exclusive

possession of stolen goods shortly after the burglary "has the

-

same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."  Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935).

To prove beyond a reasonable doubt that the possession of the stolen property was exclusive, the Commonwealth's evidence must show "that the accused was consciously asserting at least a possessory interest in the stolen property, or was exercising dominion over the stolen property."  Best, 222 Va. at 389, 282 S.E.2d at 17.

In this case, Dickerson does not dispute on appeal that the Commonwealth's evidence was sufficient to establish that the two victims' homes were broken into without the permission of the victims.  Likewise, he does not dispute that the evidence was sufficient to show that, in each instance, a larceny occurred as a result of the break-in and that both offenses were committed, in each instance, at the same time, by the same person, as part of the same criminal enterprise.  Rather, Dickerson argues solely that his recent possession of the stolen items belonging to the victims was not sufficient evidence to show he committed the burglaries and larcenies.  The issue, then, is whether it was proper for the trial court to infer guilt from Dickerson's recent possession of the stolen goods.

Here, there is no direct evidence that links Dickerson to the burglaries of the homes and larcenies of the stolen jewelry.

-

However, the evidence did establish that on March 1, 1999, LoAnn Murray's home in Portsmouth was broken into and her jewelry was taken.  On March 3, 1999, Dickerson, along with another man and woman, went to the Castle Coins and Jewelry store in Chesapeake to sell some jewelry.  Shelly Cason, an employee of Castle Coins and Jewelry, purchased from Dickerson a ring, a dragon pendant, a rope chain, and a sapphire and diamond dinner ring, all of which Murray identified as being some of the jewelry belonging to her that was stolen from her home on March 1.  Dickerson told Cason that he had the jewelry because his grandmother had died.  Neither of the other two people who accompanied Dickerson to the store gave Cason any of the jewelry.

The evidence further established that, on March 9, 1999, Marjorie Sheppard's home in Portsmouth was broken into between 10:30 a.m. and approximately 1:30 p.m. and her jewelry was stolen.  That same day, at approximately 2:30 p.m., Dickerson, accompanied by the same two people who were with him on March 3, returned to Castle Coins and Jewelry to sell more jewelry to Cason.  Cason purchased from Dickerson three pairs of earring jackets and an eastern star ring, all of which Sheppard identified as being some of the jewelry belonging to her that was stolen from her home on March 9.  Because Cason did not have enough cash on hand to pay Dickerson for the jewelry, he had to come back later.  When he returned, he was alone.

-

We hold that this evidence was sufficient to prove that Dickerson committed the subject burglaries and larcenies. The evidence established that Dickerson was in exclusive possession of the victims' stolen jewelry. He alone was exercising dominion over the stolen property when he sold it to Cason. Furthermore, the exclusive possession was sufficiently recent, in both instances, to establish prima facie cases of larceny and burglary and to justify inferences by the trial court that Dickerson was the thief and burglar who broke into both victims' homes and stole their property.

The record discloses no evidence that rebuts the prima facie cases drawn from the Commonwealth's evidence. Dickerson presented no evidence at trial to support his hypothesis that he was an innocent and unknowing dupe and offered no credible explanation for his possession of the stolen jewelry. Indeed, the only explanation in the record for Dickerson possessing the jewelry is his untruthful statement to Cason that he had it because his grandmother had died. Not only was that lie not a credible explanation for his possession of the stolen property, the trial court was entitled to infer from it that Dickerson was being untruthful in order to conceal his guilt. See Welch v. Commonwealth, 15 Va. App. 518, 525, 425 S.E.2d 101, 106 (1992).

We hold, therefore, that the evidence presented in this case was sufficient to prove beyond a reasonable doubt the elements of the offenses.

-

B.  RECENT POSSESSION INFERENCE

Dickerson further claims that, in reaching its decision upon the evidence, the trial court wrongfully applied the recent possession inference as a mandatory presumption.  This, he asserts, shifted from the Commonwealth the burden of proving beyond a reasonable doubt each element of the offenses and placed upon him a burden in derogation of his right to rely upon the presumption of innocence.  Thus, Dickerson argues, his due process rights were violated.

We disagree with Dickerson's premise.  As the Supreme Court recently noted in addressing a similar matter:

> "A mandatory presumption instructs the [fact finder] that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the [fact finder] a possible conclusion to be drawn if the State proves the predicate facts, but does not require the [fact finder] to draw that conclusion. . . .  Mandatory presumptions . . . violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense . . . .  A permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the [fact finder] that the suggested conclusion should be inferred based on the predicate facts proved."

Dobson v. Commonwealth, 260 Va. 71, 75, 531 S.E.2d 569, 572 (2000) (quoting Francis v. Franklin, 471 U.S. 307, 314 (1985) (citations omitted)).

Here, the trial court, in discussing the reasons for its decisions, stated several times that recent possession creates a

-

rebuttable presumption of larceny and burglary. Nowhere in the record, however, did the court say or otherwise indicate that recent possession creates a mandatory presumption. In fact, after finding that a victim's home had been burgled and pieces of her jewelry stolen, the trial judge specifically stated as follows:

> Two days later the defendant turns up at the coin shop, or whatever it is, offering to sell these and making representations to the potential buyer that these were things that he acquired out of an estate, which would appear to be untruthful and lying to conceal where they may have come from. And I think two days is a reasonable period of time to consider to be recent possession.
> And that being the case, I think that we are entitled to draw an inference or rebuttable presumption—I'm not sure that there is a practical dissension [sic] between the two as they apply to this type of case—that the defendant broke and entered the property and committed larceny.

The court did not say that, in light of the predicate facts proven by the Commonwealth and the fact that Dickerson did not reasonably explain his possession of the recently stolen property, it was required to draw the inference it did. Rather, the court said that it was "entitled" to do so. We hold, therefore, that the trial court properly applied only a permissive inference, which it was free to reject if the proven evidence warranted such a rejection.

-

For these reasons, we affirm appellant's convictions.

Affirmed.
