COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


ALBERT ANTONIO SAVAGE

MEMORANDUM OPINION[*] BY

v. Record No. 0889-00-1      JUDGE ROBERT P. FRANK
                                      MARCH 13, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
E. Everett Bagnell, Judge

Barrett R. Richardson (Richardson &
Rosenberg, LLC, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Albert Antonio Savage (appellant) was convicted in a bench trial of burglary in violation of Code § 18.2-91, petit larceny in violation of Code § 18.2-96, and destruction of property in violation of Code § 18.2-137. On appeal, he contends the trial court erred in finding the evidence sufficient to convict him of these offenses. We agree and reverse the convictions.

I.  BACKGROUND

On August 24, 1998, Frank Sheffer resided at 521 Butler Avenue in Suffolk, Virginia. He left his house at 8:30 a.m. that day. He returned home that evening at approximately

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

8:00 p.m. and found that the french door in his bedroom was slightly ajar and that the glass in the door had been broken. His cellular phone was missing. The cellular phone was kept in the top dresser drawer in his bedroom. He also noticed that a blood pressure kit was destroyed. The contents of a dresser drawer were strewn all over the floor. Sheffer said he made no calls on the cellular phone after 8:00 a.m. on August 24, 1998.

Brian McCullough, an employee of GTE Wireless testified that two telephone calls were made on the afternoon of August 24, 1998 from Sheffer's cell phone. The first telephone call was made at 4:21 p.m., and the second telephone call was made at 5:03 p.m. Both calls were made to the same telephone number, 539-0945. Mr. McCullough did not have firsthand knowledge of who placed the calls.

Eric Woodley, the employee of a taxi service, testified that he picked appellant up three times on August 24, 1998. The first pick-up was a "walk-up," which occurs when the taxi is flagged down, near the Riverview section of the city, a quarter mile from Butler Road. Woodley testified he drove appellant to Cedar Street. At 3:17 p.m., Woodley picked up appellant at 31 Stacey Drive as a result of a call to the taxi company. Woodley drove appellant to 210 Cedar Street. At 4:21 p.m., Woodley picked up appellant, as a result of a telephone call, at 210 Cedar Street and drove him to 31 Stacey Drive. A third call was received at approximately 5:05 p.m., but Woodley testified he

-

did not pick up appellant after that call. Woodley testified the taxi company's telephone number was 539-0945.

On cross-examination, Woodley said that he did not know who made the telephone calls to the taxi dispatcher, did not know who actually dialed the telephone number, and did not know who communicated with the dispatcher. He said that he did not notice anything unusual about appellant's behavior on August 24, 1998, and he did not notice whether appellant had a cell phone.

Appellant denied being involved in the burglary. Appellant testified he "was no where in that neighborhood of Constance Road, Butler Street, or wherever Mr. Woodley said I was." Appellant indicated he only would call for a cab from 117 Morgan Street, 31 Stacy Drive or 210 Cedar Street. Appellant denied being picked up by Woodley near the Riverview location described by Woodley.

Appellant testified he would occasionally send a woman named Saundra to use a phone to call the cab company when he was on Cedar Street. He said his father's girlfriend would be sent to use a telephone to call the cab company if he was on Morgan Street. Appellant testified that when he was at 31 Stacey Drive, he would make the telephone call to the cab company or his "old lady" would make the call from a neighbor's house. He could not remember who placed the telephone calls to the cab company on August 24, 1998. Appellant timely moved to strike

-

the evidence.  The motion was denied.  Appellant was convicted

of burglary, destruction of property, and petit larceny.

## II.  ANALYSIS

> On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom.  Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640,

643 (2000).

At trial, as well as on appeal, the Commonwealth relied

upon the presumption that unexplained possession of recently

stolen property creates a presumption of guilt.

> [W]hen evidence has been introduced, which, if believed, establishes that a house has been broken and entered and goods stolen therefrom, and warrants an inference beyond a reasonable doubt that the breaking and entering and the larceny of the goods were committed at the same time, by the same person or persons, as a part of the same transaction, upon principle and authority, the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny.

-

Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935). "It is well settled that the unexplained possession of recently stolen property creates a presumption of guilt, but such possession must be exclusive on the part of the accused." Leebrick v. Commonwealth, 198 Va. 365, 367, 94 S.E.2d 212, 214 (1956). Thus, "the evidence must reveal that the accused was consciously asserting at least a possessory interest in or exercising dominion over the stolen property." Ferrell v. Commonwealth, 11 Va. App. 380, 388, 399 S.E.2d 614, 618 (1990) (citing Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)). Additionally, an accused can jointly possess stolen property with another. Castle v. Commonwealth, 196 Va. 222, 227, 83 S.E.2d 360, 363 (1954). Therefore, the evidence must prove beyond a reasonable doubt that appellant was in possession of the stolen cell phone or jointly possessed the property with another person.

The evidence established that on two occasions on the day of the burglary the stolen cell phone was used to call a cab to transport appellant. Appellant was at the location designated by the caller. Appellant acknowledged the phone calls to the cab were made on his behalf, although he did not recall who made the actual calls. Further, appellant denied being picked up by Woodley, the cab driver, at the location described by Woodley as a quarter of a mile from the crime scene.

-

"'Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'"  Byers v. Commonwealth, 23 Va. App. 146, 151, 474 S.E.2d 852, 855 (1996) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "'[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Id. (quoting Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted)). "However, '[w]hether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'"  Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986) (citation omitted)).  "'The hypotheses which the prosecution must reasonably exclude are those "which flow from the evidence itself, and not from the imagination of defendant's counsel."'"  Id. at 289-90, 373 S.E.2d at 338-39 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981) (citation omitted)).

-

In this case, while the suspicion of appellant's guilt is strong, it is equally plausible that the phone calls were made by a neighbor or appellant's girlfriend.  While the fact finder may conclude appellant lied to conceal his guilt, <u>Black</u>, 222 Va. at 842, 284 S.E.2d at 610, we do not believe this alone is sufficient to prove appellant's guilt.

For these reasons, we find the evidence was insufficient to prove beyond a reasonable doubt that appellant committed the offenses.  Therefore, we reverse the judgment of the trial court and dismiss the indictments.

<u>Reversed and dismissed.</u>